NOT DESIGNATED FOR PUBLICATION

No. 113,285

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WILLIAM RUNYON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TIMOTHY J. CHAMBERS, judge. Opinion filed January 8, 2016.
Affirmed.

*Sam S. Kepfield*, of Hutchinson, for appellant.

*Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., GARDNER, J., and JOHNSON, S.J.

*Per Curiam*:  William Runyon appeals from the trial court's judgment denying his presentence motion to withdraw his plea. Runyon argues that there was good cause to withdraw his plea based upon his counsel's failure to effectively represent him. Finding no merit in Runyon's argument, we affirm.

On September 19, 2013, Mathue Halpain was kidnapped and beaten by several individuals in Reno County, Kansas. William Runyon picked up his friend Halpain at his apartment and the two drove outside the city limits of Hutchinson, Kansas. When Halpain got out of the car he was hit from behind and knocked unconscious. When he came to, he

1

was lying in a field with another man standing over him choking him with a pipe. Halpain again lost consciousness and awoke inside Runyon's car. At this point, he was tied up and wearing only his boxer shorts and a t-shirt.

Somewhere in Saline County, Runyon stopped and put Halpain into the trunk of another car. Halpain remembered that Thomas Beatty and Chivon Leon, later charged as codefendants, were there when he was moved to the other car. Halpain eventually escaped from the trunk and notified police of the incident.

In October 2013, Runyon was charged with one count of aggravated kidnapping and one count of aggravated robbery. In December 2013, the State added one charge of aggravated battery. The case was originally set for trial on April 29, 2014, but was continued on the court's own motion to May 6, 2014. The State then requested a continuance based on a DNA expert's unavailability, so the trial was continued until May 27, 2014.

On the morning of the jury trial, Runyon requested a continuance. Runyon's attorney, Kelly Driscoll, argued that a continuance was necessary to allow Runyon to resurrect his motion to suppress which he had withdrawn and to give Driscoll time to interview two other witnesses and review audiotapes that had been given to her a week earlier. Driscoll stated: "I have no problem stating on the record I do not feel we're prepared to go today. I do not feel I can appropriately represent my client today based upon the reasons I have stated."

The State responded that it was prepared to proceed to trial but stated: "I guess the State's position is that the Court probably ought to give her a continuance and only because we got to make sure the Defendant gets a fair trial, and only for that reason, Judge."

The trial judge denied the request for continuance and stated: "There's no perfect trial, no perfect attorney, no perfect judge, no perfect prosecutor and we'll go ahead. So bring the jury in for orientation."

Shortly after the court denied the request for continuance, Runyon entered a plea of no contest to kidnapping, robbery, and aggravated battery. The plea agreement called for a 100-month sentence.

The trial court accepted Runyon's plea and scheduled sentencing for July 11, 2014. On June 12, 2014, before sentencing, Runyon filed a pro se motion to withdraw plea. In his motion, Runyon argued that "[the] plea was entered into under duress, with counsel who admitted on record to being ineffective, I did not personal [*sic*] plead guilty or no contest to the charges, I also believe under threat from the Court itself."

On June 19, 2014, the trial court held a hearing on Runyon's motion to withdraw plea. Runyon testified that he did not want to accept the plea agreement but that he felt his attorney was unprepared and he felt pressure because of the lengthy prison sentence he faced. The trial court allowed Runyon to withdraw his plea, stating:

"[The State] makes important points and very valid points that, Mr. Runyon, I believe you're very honest, being honest with me today but the truth is any defendant faced with looming jury trial I would think is scared. I mean, that's a very natural emotion. Whether you would be found innocent or not the verdict is somewhat out of your control and so being scared isn't unreasonable. I, I know that there is difficulty between counsel and meeting with clients because our jails need to house people in other areas. I'm aware of that. That doesn't—well, that, that will hopefully with our new jail be remedied. But at the time of the decision on this case to deny the continuance, I relied on the fact that Ms. Driscoll had been involved in your case for, since December of or November of 2013. [With] any counsel, there's always more you can do on any case. There's no absolute end. I've done everything I can to prepare for this case. I was an attorney myself and I know that to be true. So for your counsel to believe she might have

3

been able to do some other, that's just actually to me showing just a good conscientious attorney. With all that said, I will allow the withdraw. We are prior to sentencing. The Court's standard for that is less when we haven't been to sentencing."

The trial court scheduled Runyon's new trial for September 30, 2014. The State also announced that all plea offers were withdrawn. Driscoll continued to represent Runyon and Runyon never moved for new counsel.

On September 30, 2014, Runyon's jury trial began. During the morning recess, the parties reached a plea agreement. Runyon again pled no contest to kidnapping, aggravated battery, and aggravated robbery, and also a fourth count of felony flee and elude. The agreement recommended 110 months' imprisonment. The trial court accepted the plea and set sentencing for November 14, 2014.

The sentencing hearing was continued as a result of Runyon's request to withdraw his plea a second time. On November 25, 2014, Runyon filed a motion to set aside his plea arguing that he was innocent, that is attorney was inadequately prepared to defend him, that his attorney told him he was going to be found guilty, that he did not understand the terms of the plea agreement, and that he did not understand that he was waiving his right to appeal.

On December 1, 2014, the trial court held a hearing on Runyon's second motion to withdraw a plea. At the hearing, Runyon testified that he gave untruthful answers to the trial judge regarding his plea, he claimed he did not remember signing the plea agreement, and also claimed that he was forced to sign the agreement. Runyon expressed displeasure with his attorney based on the fact that she had not interviewed two witnesses.

The State called Driscoll to testify at the hearing. Driscoll testified that she had received 187 pages of police reports and multiple recorded interviews as discovery. One of the recorded interviews was with Thomas Beatty. Driscoll also testified that she had her investigator interview Chivon Leon and was aware that she was going to testify at the jury trial. Driscoll further testified that she was prepared to go to trial on September 30, 2014, and that she had met with Runyon on multiple occasions for many hours. Driscoll testified that during the morning recess, she told Runyon about her investigator's interview with Chivon Leon. Driscoll denied telling Runyon that he was going to lose his case as a result of Leon's testimony. Driscoll testified that it was Runyon's idea to discuss plea negotiations and that it was Runyon's choice to accept the plea agreement. Driscoll testified that she discussed the plea with Runyon and that she watched him read it.

After hearing arguments, the trial court denied Runyon's motion to withdraw his plea. The court held that Driscoll's performance as counsel was not deficient and also found her testimony to be more credible than Runyon's. The court further found that the plea was freely, voluntarily, and intelligently made. The trial court went on to note that the transcript of the plea hearing showed that the presiding judge had conducted a thorough colloquy before accepting Runyon's plea, ensuring that Runyon understood his rights and the consequences of his plea. The court further noted that Runyon is an adult with 19 prior felonies which shows that he is aware of how the criminal justice system operates. Based on that knowledge, the court found that Runyon was attempting to use his knowledge of the criminal justice system to his advantage. The trial court concluded:

> "I believe Mr. Runyon, as indicated by Miss Driscoll, certainly read the advice of rights form. Everything contained in the advice of rights form was repeated by the court.
> "The court denies the motion to [withdraw] on a finding of no good cause is shown and that the court specifically finds that the services of Ms. Driscoll representing Mr. Runyon were not defective. Therefore the motion is denied."

5

The case proceeded to sentencing where Runyon was sentenced to 120 months' imprisonment.

*Did the Trial Court Err in Denying Runyon's Motion to Withdraw Plea?*

In his sole issue on appeal, Runyon contends that the trial court erred in denying his motion to withdraw his plea. Specifically, Runyon argues that the trial court should have set aside his plea due to ineffective assistance of counsel since his counsel failed to interview two witnesses. The State, on the other hand, asserts that Runyon was represented by competent counsel and that Runyon has failed to show that the trial court abused its discretion in denying his motion.

> "A district court may, for good cause and at its discretion, allow a defendant to withdraw a plea of guilty or no contest at any time before sentence is adjudged. K.S.A. 2013 Supp. 22-3210(d)(1). In determining whether a defendant has shown good cause to withdraw a plea, a district court should consider three factors, sometimes called the *Edgar* factors, after *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. [Citation omitted.] These factors should not, however, be applied mechanically and to the exclusion of other factors. [Citation omitted.]" *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

"In reviewing a presentence denial of a motion to withdraw plea, an appellate court employs an abuse of discretion standard of review. The defendant bears the burden of establishing the abuse of discretion." *State v. Garcia*, 295 Kan. 53, Syl. ¶ 3, 283 P.3d 165 (2012). "'A district court abuses its discretion when the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. [Citation omitted.]' [Citation omitted.]" *State v. Soto*, 301 Kan. 969, 977, 349 P.3d 1256 (2015).

6

Runyon argues that his counsel's incompetence is good cause to withdraw his plea. Runyon maintains that the State's late endorsement of additional witnesses was essentially an ambush that caused his counsel to be inadequately prepared to defend him.

In *State v. Aguilar*, 290 Kan. 506, 231 P.3d 563 (2010), our Supreme Court clarified the analysis of an ineffective assistance of counsel claim in the context of a presentence motion to withdraw plea:

> "It is neither logical nor fair to equate the lesser K.S.A. 22-3210(d) good cause standard governing a presentence plea withdrawal motion to the high constitutional burden [required to show ineffective assistance rising to the level of a violation of the Sixth Amendment]. The *Edgar* factors do not transform the lower good cause standard of the statute's plain language into a constitutional gauntlet. Merely lackluster advocacy . . . may be plenty to support the first *Edgar* factor and thus statutory good cause for presentence withdrawal of a plea. All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." 290 Kan. at 513.

As stated earlier, the *Edgar* factors should be considered in determining if good cause has been shown to withdraw a presentence plea: (1) whether competent counsel represented the defendant; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made.

With regard to the first factor, Runyon argued to the trial court and continues to argue to this court that his counsel did not provide competent representation because she failed to interview two witnesses before trial. He cites Driscoll's testimony that she had her investigator interview one of the witnesses but did not inform Runyon of the proposed testimony until the day of trial. Runyon maintains that this gave them no time to discuss it in detail or plan a strategy around it. He also reasserts his own testimony that he

7

told Driscoll that he did not want to take a plea and that he was forced to take a plea after Driscoll told him he would be found guilty.

In making his arguments, Runyon completely ignores Driscoll's testimony at the hearing on the motion to withdraw which addressed his complaints. Driscoll explicitly testified that at the time of the plea, she was prepared to start a jury trial. She further testified that Runyon wanted her to inquire about a plea agreement and that she talked with Runyon about his right to a jury trial and the fact that she was ready to go to trial. Driscoll further denied telling Runyon that he was going to lose the case as a result of the witnesses' testimony. Regarding the alleged failure to interview witnesses, Driscoll testified that she had reviewed 187 pages of police reports and multiple recorded interviews which included an interview with Thomas Beatty. She further testified that she had her investigator interview Chivon Leon and informed Runyon about her investigator's interview of Leon the day of trial. The State also submitted evidence that Driscoll had met with Runyon on multiple occasions for many hours.

Driscoll's testimony essentially refuted Runyon's allegations that she was unprepared and unwilling to go to trial. The trial court clearly believed Driscoll's testimony over Runyon's, as the court explicitly held that Driscoll's testimony was credible while Runyon's testimony was not credible. "It is not the function of this court 'to weigh conflicting evidence, to evaluate witnesses' credibility, or to redetermine questions of fact.' [Citation omitted.]" *State v. Fulton*, 292 Kan. 642, 647, 256 P.3d 838 (2011). Although under *Aguilar*, "mere lackluster advocacy" can constitute good cause to withdraw a plea, there is no evidence of such lackluster advocacy on the part of Driscoll in this case.

Under the second *Edgar* factor, Runyon seems to argue that the fear caused by Driscoll's lack of preparation for trial effectively coerced him into entering a plea. This argument fails because, for the reasons explained earlier, the trial court did not abuse its

8

discretion in determining that Driscoll was prepared and provided competent counsel to Runyon. Further, the trial judge specifically declared, "I saw nothing in my observations of Mr. Runyon as he responded to my questioning that he was in any way hesitant or being coerced in any fashion . . . . There was no coercion involved that the court observed and finds existed." This, combined with the fact that Runyon never indicated that he had concerns about Driscoll's preparedness for trial, undermines Runyon's current contention that his fear of going to trial with incompetent counsel coerced him into entering a plea.

The third *Edgar* factor considers whether the plea was fairly and understandingly made. The trial court specifically addressed this factor, noting that the plea agreement explained the rights and consequences involved in entering the plea and found that Runyon had read the plea. Moreover, the trial judge at the plea hearing also addressed the consequences of entering a plea. In response to the judge's questions, Runyon affirmed that he had read the plea agreement and understood the possible sentence he was facing, that no one was forcing him to take the plea, that he was satisfied with his counsel's services, and that he voluntarily signed the plea agreement.

After considering the *Edgar* factors, it is clear that the trial court correctly concluded that Runyon had failed to show good cause to withdraw his plea, as required by K.S.A. 2014 Supp. 22-3210(d)(1). As a result, Runyon has failed to meet his burden to show that the trial court abused its discretion in denying his motion to withdraw his plea.

Affirmed.