NOT DESIGNATED FOR PUBLICATION

No. 112,817

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

LAWRENCE MITCHELL,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed November 20, 2015. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Jennifer S. Tatum*, assistant district attorney, *Jerome A. Gorman*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, C.J., BRUNS, J., and ROBERT W. FAIRCHILD, District Judge, assigned.

*Per Curiam*: Lawrence Mitchell appeals the district court's denial of his presentence motion to withdraw his plea. Mitchell argues that his counsel was so unprepared for trial that his fear of proceeding to trial effectively coerced him into entering the plea. After holding an evidentiary hearing at which both Mitchell and his counsel testified, the district court found that Mitchell failed to establish good cause to withdraw his plea. Finding no abuse of discretion, we affirm the district court's judgment.

1

On July 8, 2011, the State charged Mitchell with one count of aggravated arson. He was represented by attorney Renee Henry. In December 2011, pursuant to a plea agreement, Mitchell pled no contest and the district court found him guilty. Prior to sentencing, Mitchell filed two pro se motions to withdraw his plea, arguing that Henry had provided ineffective assistance of counsel and pressured and coerced him into taking the plea. On January 27, 2012, the district court denied Mitchell's motions and sentenced him to 71 months' imprisonment. On appeal, this court vacated Mitchell's sentence and remanded for appointment of new counsel and reconsideration of Mitchell's motions to withdraw his plea. *State v. Mitchell*, No. 108,372, 2013 WL 4730227, at *4 (Kan. App. 2013) (unpublished opinion).

After the remand, the district court appointed W. Frederick Zimmerman to represent Mitchell and held an evidentiary hearing on the motions to withdraw plea on March 18, 2014. At the hearing, Mitchell testified that prior to entering his no contest plea, he had asked Henry to file a motion for continuance so that they could talk more about his case, but Henry did not file the motion. Mitchell further testified that prior to the plea hearing, his relationship with Henry was "not good." Mitchell asserted that he and Henry argued and bickered a lot, with Henry recommending that Mitchell enter a plea and Mitchell protesting his innocence. When asked why he ultimately pled no contest, Mitchell replied, "Because at the time I thought that, you know, if I went through with it and I would end up getting 10 years for something I didn't do, it would have been a better chance for me to take five years and possibly get out in lesser time."

Mitchell reiterated his belief that Henry was not prepared for trial and stated it was the reason he took the plea agreement. Specifically, he testified that he had given Henry a letter from his wife, who was the woman whose home was burned in the underlying arson; in the letter, Mitchell's wife stated that Mitchell had not committed the arson. As far as Mitchell knew, however, Henry had never spoken to his wife about the letter.

2

Moreover, Mitchell testified that he had given Henry his sister's name as a possible alibi witness, but he did not know if Henry had ever given the State notice of an alibi witness.

Mitchell also admitted, however, that his decision to enter into the plea agreement was affected by the district court's preplea ruling that the State could introduce evidence of a prior arson conviction. Mitchell believed that if that evidence was admitted, the jury would convict him. When the State pointed out that Mitchell had said at the plea hearing that he and Henry had discussed the plea, Mitchell acknowledged that he had made that statement at the plea hearing, but he claimed that the statement was not true.

The State called Henry to testify. Henry did not have a specific recollection of how many times she had visited Mitchell in jail, but she did not contest records showing Henry had visited Mitchell four times prior to the plea hearing and that each visit was 30-minutes to 1-hour long. Additionally, Henry testified that at each hearing, she spoke with Mitchell before, during, and after the hearing.

Henry described Mitchell's theory of defense as "a combination of an alibi and misidentification." She testified that she spoke with Mitchell's proposed alibi witness, but the witness did not recall Mitchell being with her at the relevant times. Henry testified that the trial was scheduled to start 3 days after the date of the plea hearing and, at the time of the plea hearing, she was prepared for a jury trial. She did not remember Mitchell telling her about a letter from his wife but testified that in her experience such a letter would not have exonerated Mitchell. Moreover, Henry said that at the sentencing hearing, Mitchell's wife informed her that she had never sent such a letter.

Henry further testified that Mitchell had never expressed to her any doubts about her preparation for trial. Regarding the motion to continue, she remembered Mitchell saying he wanted to file a motion to continue; but when Henry asked him why they needed a continuance, Mitchell had no answer. Because she needed a good-faith basis to

3

request a continuance, she did not file the motion. Henry unequivocally stated that she never pressured or coerced Mitchell into taking the plea.

After hearing closing arguments, the district court took the matter under advisement and informed the parties it would file a written decision. On May 20, 2014, the district court entered an order denying the motions to withdraw plea. After reciting the applicable standards and factors to consider, the district court specifically ruled:

> "[T]rial counsel was competent: counsel had tried many very serious cases either as a Kansas and Missouri prosecutor or as a private practice attorney. Testimony revealed that she had investigated the crimes alleged, spoke with witnesses mentioned by Mitchell that did not support his alibi request or that contained insufficient evidence (a letter from his wife that she did not feel that Mitchell had committed the crimes) and had opposed the effort of the State to enter evidence pursuant to K.S.A. 60-455."

The district court went on to note that the transcript of the plea hearing showed that the presiding judge had conducted a thorough colloquy before accepting Mitchell's plea, ensuring that Mitchell understood his rights and the consequences of his plea. Both the plea hearing transcript and the Petition To Enter Plea of Nolo Contendere Mitchell signed showed that Mitchell freely and voluntarily entered his plea. The district court noted Mitchell's testimony at the 2014 hearing that he had taken the plea because of his fear of being found guilty, especially in light of the district court allowing evidence of a prior arson conviction. The district court concluded:

> "Merely being fearful and reluctant to proceed to trial is not a sufficient reason to allow the withdrawal of the plea or to find that counsel was ineffective. It is clear that the plea was knowingly and voluntarily entered. As argued by the State, his fear of a greater sentence clearly did not reach the level necessary to find that he was coerced into entering the plea."

4

On July 3, 2014, the district court sentenced Mitchell to 71 months' imprisonment, the same sentence that the district court previously had imposed. Mitchell appealed the district court's judgment.

In his sole issue on appeal, Mitchell contends that the district court erred in denying his motion to withdraw his plea. Specifically, Mitchell argues that the district court should have set aside his plea due to ineffective assistance of counsel since counsel failed to communicate with him and Mitchell would not have entered his plea but for his concerns about counsel's performance at the upcoming trial. The State, on the other hand, asserts that Mitchell was represented by competent counsel and that Mitchell's fear of going to trial with unprepared counsel did not render his plea involuntary.

> "A district court may, for good cause and at its discretion, allow a defendant to withdraw a plea of guilty or no contest at any time before sentence is adjudged. K.S.A. 201[4] Supp. 22-3210(d)(1). In determining whether a defendant has shown good cause to withdraw a plea, a district court should consider three factors, sometimes called the *Edgar* factors, after *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. [Citation omitted.] These factors should not, however, be applied mechanically and to the exclusion of other factors. [Citation omitted.]" *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

"In reviewing a presentence denial of a motion to withdraw plea, an appellate court employs an abuse of discretion standard of review. The defendant bears the burden of establishing the abuse of discretion." *State v. Garcia*, 295 Kan. 53, Syl. ¶ 3, 283 P.3d 165 (2012). "'A district court abuses its discretion when the action is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact.' [Citations omitted.]" *State v. Soto*, 301 Kan. 969, 977, 349 P.3d 1256 (2015).

5

As the State notes, Mitchell appears to argue largely that his counsel's incompetence is good cause to withdraw his plea. As an initial matter, however, although Mitchell does not raise this point, it appears that the district court applied an incorrect standard in reviewing this issue. The district court cited *State v. Adams*, 284 Kan. 109, 118, 158 P.3d 977 (2007), as controlling. Like Mitchell's case, *Adams* dealt with a presentence motion to withdraw plea. In addressing Adams' claim that his plea was the product of ineffective assistance of counsel, our Supreme Court stated:

> "A two-step test applies when determining whether to set aside a guilty plea because of ineffective assistance of counsel. As the first step, defendant must show that counsel's performance fell below the standard of reasonableness. In the second step, defendant must show that a reasonable probability exists that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. [Citations omitted.]" 284 Kan. at 118.

The district court here applied the *Adams* analysis and concluded that Mitchell's allegations "do not rise to the level needed pursuant to the rules contained in *Adams*." On appeal, Mitchell continues to assert these same rules and claims that his case meets both prongs of the test.

Neither Mitchell, the State, nor the district court recognized *State v. Aguilar*, 290 Kan. 506, 231 P.3d 563 (2010), which our Supreme Court issued after *Adams* but before the proceedings in Mitchell's case. *Aguilar* clarified the analysis of an ineffective assistance of counsel claim in the context of a presentence motion to withdraw plea:

> "It is neither logical nor fair to equate the lesser K.S.A. 22-3210(d) good cause standard governing a presentence plea withdrawal motion to the high constitutional burden [required to show ineffective assistance rising to the level of a violation of the Sixth Amendment.] The *Edgar* factors do not transform the lower good cause standard of the statute's plain language into a constitutional gauntlet. Merely lackluster advocacy . . . may be plenty to support the first *Edgar* factor and thus statutory good cause for

6

presentence withdrawal of a plea. All of the *Edgar* factors need not apply in a defendant's favor in every case, and other factors may be duly considered in the district judge's discretionary decision on the existence or nonexistence of good cause." 290 Kan. at 513.

Therefore, under *Aguilar*, the district court abused its discretion by utilizing an incorrect legal test to consider Mitchell's motion; the district court based its decision on an error of law. This court need not reverse, however, if the district court was correct in its ultimate decision to deny Mitchell's motion, even if the district court made that decision for the wrong reason. See *State v. Hall*, 297 Kan. 709, 715, 304 P.3d 677 (2013) (affirming Court of Appeals decision "as right for the wrong reason").

As noted above, the *Edgar* factors require a court considering whether to allow withdrawal of a presentence plea to take into account whether (1) competent counsel represented the defendant; (2) the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) the plea was fairly and understandingly made. *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006). Regarding the first factor, Mitchell argued to the district court and continues to argue to this court that his counsel did not provide competent representation because she "did not appear to be adequately prepared" for trial. Mitchell reasserts his testimony that he told Henry he did not want to take a plea, that he asked Henry to file a continuance so that she could prepare more for trial, and that Henry "ignored numerous requests to visit with him; failed to advise him as to the outcome of evidentiary tests performed by State investigators; and failed to explain why the State had received a continuance, but she was not willing to request one."

What Mitchell fails to acknowledge, however, is that Henry's testimony at the hearing on the motion to withdraw plea addressed these complaints. She testified about her investigation of the case, including speaking with fire investigators and potential alibi witnesses and meeting with the prosecutor. Henry explicitly testified that at the time of the plea she was prepared to start a jury trial. She further testified that Mitchell wanted

her to inquire about a plea agreement and that, while she did not recall his attitude toward taking a plea, she talked with Mitchell about his right to a jury trial and the fact that she was ready to go to trial. Henry stated that Mitchell never expressed to her any doubts about her level of preparation for trial. Regarding the continuance, Henry testified that she remembered Mitchell saying he wanted a continuance; but when she asked him for a reason, he could not provide one. The State also submitted evidence that Henry visited Mitchell in jail at least four times, visits that lasted 30 minutes to 1 hour.

In essence, Henry's testimony refuted Mitchell's allegations that she was unprepared and unwilling to go to trial. The district court clearly believed Henry's testimony over Mitchell's, as the judge explicitly found that Henry had investigated the charges, spoken with witnesses, and provided competent representation. "It is not the function of this court 'to weigh conflicting evidence, to evaluate witnesses' credibility, or to redetermine questions of fact.' [Citation omitted.]" *State v. Fulton*, 292 Kan. 642, 647, 256 P.3d 838 (2011). Although under *Aguilar*, "mere lackluster advocacy" can constitute good cause to withdraw a plea, Henry's testimony, which was believed by the district court, refuted Mitchell's claims of lackluster advocacy or other incompetence by Henry.

Turning to the second *Edgar* factor, Mitchell seems to argue that the fear caused by Henry's lack of preparation for trial effectively coerced him into entering a plea. This argument fails because, for the reasons explained above, the district court found that Henry was prepared and provided competent counsel to Mitchell, and the district court's finding was supported by substantial competent evidence at the hearing.

In addition, as the district court noted, Mitchell stated at the plea hearing that he was satisfied with the help Henry had provided in the case. The plea agreement Mitchell signed also clearly stated: "I believe that my lawyer has done all that anyone could do to counsel and assist me, **AND I AM SATISFIED WITH THE ADVICE AND HELP HE/SHE HAS GIVEN ME**." This statement, combined with the fact that Mitchell at no

8

point during the plea hearing indicated that he had concerns about Henry's preparation for trial, undermines Mitchell's contention that his fear of going to trial with incompetent counsel coerced him into entering a plea.

The third *Edgar* factor considers whether the plea was fairly and understandingly made. The district court addressed this factor in detail, noting that the plea agreement explained the rights and consequences involved in entering the plea. Moreover, the district judge at the plea hearing also addressed the consequences of entering a plea. In response to the judge's questions, Mitchell affirmed that he could read and write English, that he did not have trouble understanding the plea agreement, that he had discussed it with Henry, that she had answered any questions to his satisfaction, that he was not under the influence of drugs or alcohol, that he was not on any medication, that his mind was clear, that he understood he did not have to plead no contest and could go to trial, that he understood that pleading no contest meant giving up rights the judge had explained, that he understood the likely sentence he was facing, and that he still wanted to plead no contest. Mitchell clearly affirmed that the decision to enter the plea was his own "free and voluntary act" and that no one had promised him anything to induce the plea.

Mitchell now contends that when considering the plea colloquy, the district court failed to give adequate weight to whether Mitchell was afraid to speak up regarding his dissatisfaction with counsel because he feared the district court would deny a request for new counsel. He argues that his "apparent fear to speak out at his plea hearing was well-founded," as shown by the district court's initially requiring Mitchell to argue pro se his motions to withdraw plea. Whether the district court should have appointed new counsel to represent Mitchell at the original hearing to withdraw his plea is no longer a relevant issue because Mitchell had new counsel at the subsequent evidentiary hearing. There is simply no indication from the evidence presented at the hearing, except for Mitchell's self-serving testimony, that he entered the plea because he feared that his counsel was unprepared for trial. As the district court noted, Mitchell testified that he took the plea in

9

part because he was afraid of being convicted in light of the State planning to introduce evidence of his prior arson conviction. The overwhelming evidence supports a conclusion that Mitchell's plea was fairly and understandingly made.

After considering the *Edgar* factors, it is clear that the district court did not abuse its discretion in finding that Mitchell had failed to show good cause to withdraw his plea, as required by K.S.A. 2014 Supp. 22-3210(d)(1). If a district court reaches the correct result, its decision will be upheld even though it relied upon the wrong ground or assigned erroneous reasons for its decision. See *State v. Overman*, 301 Kan. 704, 712, 348 P.3d 516 (2015). Thus, we conclude the district court did not err in denying Mitchell's presentence motion to withdraw his plea.

Affirmed.