No. 108,292

STATE OF KANSAS, *Appellee*, v. FREDERICK W. FRITZ IV,
*Appellant*.

(321 P.3d 763)

Opinion
filed April 11, 2014.

*Michelle A. Davis*, of Kansas Appellate Defender Office, was on the brief for
appellant.

*Lesley A. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney,
and *Derek Schmidt*, attorney general, were on the brief for appellee.

The opinion of the court was delivered by

ROSEN, J.: Frederick W. Fritz IV appeals from the summary
denial of his motion to withdraw his plea of no contest to charges
of felony murder, attempted first-degree murder, aggravated rob-
bery, and attempted aggravated robbery.

The State charged Fritz with one count of premeditated murder,
three counts of attempted first-degree murder, one count of ag-
gravated robbery, and four counts of attempted aggravated rob-
bery. On August 16, 2010, he entered a plea of no contest to one
count of felony murder, three counts of attempted first-degree
murder, one count of aggravated robbery, and four counts of at-
tempted aggravated robbery. On September 30, 2010, the district
court sentenced him to a term of life imprisonment plus 652
months.

On December 8, 2010, Fritz docketed his appeal from his sentence. On January 21, 2011, he filed a pro se motion to withdraw his plea, alleging ineffective assistance of counsel. Then, on March 14, 2011, he withdrew his motion because his case was pending on appeal. After the parties submitted their appellate briefs but before the case was set on a docket, on December 16, 2011, this court issued an order summarily vacating the sentence and remanding the case to the district court for resentencing.

On March 9, 2012, the district court resentenced Fritz, imposing a hard 20 life sentence plus 330 months. Also on March 9, 2012, new counsel filed a renewed motion in district court seeking leave to withdraw the no contest plea. After hearing brief argument from the parties, the district court denied the motion without conducting an evidentiary hearing. Fritz took a timely appeal to this court.

A district court may, for good cause and at its discretion, allow a defendant to withdraw a plea of guilty or no contest at any time before sentence is adjudged. K.S.A. 2013 Supp. 22-3210(d)(1). In determining whether a defendant has shown good cause to withdraw a plea, a district court should consider three factors, sometimes called the *Edgar* factors, after *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Aguilar*, 290 Kan. 506, 511, 231 P.3d 563 (2010). These factors should not, however, be applied mechanically and to the exclusion of other factors. *State v. Garcia*, 295 Kan. 53, 63, 283 P.3d 165 (2012).

After the district court pronounces sentence, it may allow a defendant to withdraw a plea in order "[t]o correct manifest injustice." K.S.A. 2013 Supp. 22-3210(d)(2).

An appellate court generally reviews the denial of a motion to withdraw a plea for abuse of discretion. The defendant has the burden of proving abuse of discretion. *State v. Macias-Medina*, 293 Kan. 833, 836, 268 P.3d 1201 (2012). When a motion to withdraw a plea is summarily denied without argument and additional evidence, this court applies the same procedures and standards of

review as in cases arising out of K.S.A. 60-1507. This court exercises de novo review because it has the same access to the motion, records, and files as the district court, and it determines whether the motion, records, and files conclusively show that the defendant is entitled to no relief. *State v. Moses*, 296 Kan. 1126, 1127-28, 297 P.3d 1174 (2013).

The State takes the position that the district court lacked jurisdiction over Fritz' motion because the mandate of this court limited the scope of the district court's authority to resentencing. The State essentially advocates penalizing defendants who successfully appeal from their sentences by preventing them from filing motions to withdraw their guilty pleas after they win their appeals. K.S.A. 2013 Supp. 22-3210 permits defendants to withdraw their pleas "at any time before sentence is adjudged" and "within one year" of "[t]he final order of the last appellate court in this state to exercise jurisdiction on a direct appeal or the termination of such appellate jurisdiction." K.S.A. 2013 Supp. 22-3210(d), (e)(1).

Fritz may have been precluded from filing his motion to withdraw his plea while his conviction and sentence were on appeal. See, *e.g.*, *State v. McDaniel*, 255 Kan. 756, 761, 877 P.2d 961 (1994); *State v. Dedman*, 230 Kan. 793, 796-97, 640 P.2d 1266 (1982) (district court loses jurisdiction over case after direct appeal docketed). If, as the State contends, the district court also did not have jurisdiction over the motion after Fritz won his appeal, then his time to file a motion to withdraw his plea and receive relief from the district court would be limited to the approximately 9 weeks between the date of his original sentence and the docketing of his original appeal. Such a short time would conflict with the statutory language plainly giving him 1 year to file his motion to withdraw his plea. Furthermore, if the district court failed to act on his motion before he docketed the appeal, he would presumably be forever barred from filing such a motion under the State's theory. Such results are inconsistent both with the statutory scheme and with fundamental fairness. We therefore decline to adopt the State's theory that a defendant may not move to withdraw a guilty plea after a case is remanded from the appellate courts for resentencing.

Fritz asserts several grounds as a basis for withdrawing his plea: First, he was not sleeping well while in jail, which left him vulnerable to pressure from his attorney, who urged him to enter into the plea and who misled him as to the sentence that he would receive. In addition, he believed there were defenses to some or all of the charges against him. In his appellate brief, Fritz also raises arguments based on his original motion to withdraw his plea. That motion, however, was voluntarily withdrawn and is not properly before this court.

A hearing on a motion to withdraw a plea of guilty or no contest is limited to those instances in which the defendant's motion raises substantial issues of fact or law. When the files and records conclusively show that the defendant is entitled to no relief the motion must be denied. *State v. Jackson*, 255 Kan. 455, 459, 874 P.2d 1138 (1994). Mere conclusions of the defendant are insufficient to raise a substantial issue of fact when no factual basis is alleged or appears in the record. 255 Kan. at 463; see also *Burns v. State*, 215 Kan. 497, 499-500, 524 P.2d 737 (1974) (burden of establishing that defendant was misled by his or her attorney lies with the defendant; mere conclusory contentions with no evidentiary support insufficient basis for relief from conviction).

In *Jackson*, the defendant's asserted basis for being allowed to withdraw his plea was "that my attorney corced [*sic*] me into pleaing [*sic*] guilty." 255 Kan. at 456. He also stated that he was "[c]ompeled [*sic*] to plea" and "[a]lso new evidence found in the case." 255 Kan. at 456. This court determined that these allegations were mere conclusions and that they did not require an evidentiary hearing. 255 Kan. at 463.

The pleading in the present case closely resembles that in *Jackson*. Aside from stating that he had not been sleeping well, Fritz asserted no specific facts indicating that he involuntarily or unknowingly entered into the plea agreement. The record on appeal includes the plea hearing and shows that the district court went over the plea agreement in detail, including the positions of the State and the defense regarding sentencing. The court also inquired whether Fritz was satisfied with the services provided by his attorney, whether he had any complaints about the manner in

which he had been counseled, and whether he had been subject to any threats or promises beyond the specific language of the plea agreement. Fritz explicitly stated that he had no complaints and had not been subject to threats or promises.

Fritz directs this court to *Bellamy v. State*, 285 Kan. 346, 172 P.3d 10 (2007), in which the court reversed the summary denial of a K.S.A. 60-1507 motion alleging ineffective assistance of counsel. In *Bellamy*, the movant asserted specific advice that his trial counsel gave him, advice that was legally incorrect. In the present case, Fritz makes no such specific assertion. In his original, and subsequently withdrawn, motion he asserted that his attorneys had not informed him of "a legal psychological defense." Such a claim is vague and does not assert sufficient grounds to justify a full evidentiary hearing.

The district court elected not to choose between the good-cause and the manifest-injustice standards. Instead, it ruled that Fritz' motion failed under either standard. We reach the same conclusion. Although the conclusory allegations of the motion correspond with the *Edgar* factors (incompetent counsel, coercion by counsel, and plea not understandingly made), they lack the substance that *Jackson* requires. Under the facts of this case, we cannot construe the district court's decision to constitute an abuse of discretion.

Affirmed.