NOT DESIGNATED FOR PUBLICATION

No. 114,354

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES FLOYD, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Saline District Court; RENE S. YOUNG, judge. Opinion filed May 6, 2016. Affirmed.

*Sam Schirer*, of Kansas Appellate Defender Office, for appellant.

*Amy E. Norton*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., LEBEN, J., and HEBERT, S. J.

*Per Curiam*:  James Floyd, Jr. appeals the denial of his postsentence motion to withdraw his plea, claiming his plea was not fairly or understandingly made. Specifically, he claims he was unaware that the prosecutor's "agreement" to probation was not binding on the district court, which sentenced him to 170 months' incarceration. Because Floyd fails to meet the high standard necessary to withdraw his plea, we affirm the district court's decision.

1

*Procedural Background*

This case arose when the State charged Floyd with several offenses arising from a home invasion that occurred in March 2011. Floyd's jury trial in February 2012 resulted in a hung jury. Three days before the date of his second trial, the State filed an amended complaint charging Floyd with robbery, aggravated burglary, criminal possession of a firearm, and aggravated assault. Floyd signed a plea agreement of no contest to those charges.

After the PSI and other standard procedures were concluded, the district court sentenced Floyd to 170 months' incarceration. Floyd moved to withdraw his plea, alleging he had expected to receive probation. His attorney filed a similar motion. The district court held an evidentiary hearing on that matter and heard testimony from Floyd and his trial attorney. The district court found Floyd had not been misled by his attorney about the possible sentence he would receive, nor was he "coerced, mistreated, or unfairly taken advantage of." The district court held Floyd failed to demonstrate manifest injustice and denied his motion to withdraw his plea.

*Analysis*

K.S.A. 2015 Supp. 22-3210(d)(2) provides that the district court, after sentencing, may set aside a conviction and permit a defendant to withdraw a plea upon a showing of manifest injustice. Factors the district court generally considers in determining whether a defendant has shown the manifest injustice necessary to withdraw a plea after sentencing mirror those considered when reviewing for good cause to support a presentence motion. See *State v. Morris*, 298 Kan. 1091, 1100, 319 P.3d 539 (2014). "In evaluating a post-sentencing motion to withdraw a plea, the district court should consider:  (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly

and understandingly made." *State v. Green*, 283 Kan. 531, 546, 153 P.3d 1216 (2007). See also *State v. Moses*, 280 Kan. 939, 950-54, 127 P.3d 330 (2006) (noting other factors that may support denial of postsentence motion to withdraw plea, including reasonable promptness of motion; defendant's failure to raise issue in prior direct appeal or K.S.A. 60-1507 proceeding; prejudice to State; defendant's prior involvement in criminal justice system; and defendant's receipt of favorable plea bargain).

Generally, an appellate court will not disturb a district court's denial of a postsentence motion to withdraw plea absent an abuse of discretion. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). An abuse of discretion occurs when a judicial action is unreasonable, based on an error of law, or based on an error of fact. *State v. Macias-Medina*, 293 Kan. 833, 836, 268 P.3d 1201 (2012). The defendant bears the burden of establishing an abuse of discretion. *Fritz,* 299 Kan. at 154. Additionally, this court does not "reweigh evidence or assess witness credibility"; instead, we defer to the district court's factual findings so long as they are supported by substantial competent evidence. *State v. Anderson*, 291 Kan. 849, 855, 249 P.3d 425 (2011).

On appeal, Floyd argues his plea was not understandingly made because he was "clearly mistaken about the judge's ability to reject the State's plea recommendation, and impose a prison sentence." He contends he was unaware that the plea agreement was not binding on the district court. He further alleges his testimony was "at odds" with his trial counsel's testimony. He claims his testimony was credible, and his plea was unknowing.

We are not persuaded by Floyd's argument. First, he asks us to accept his testimony as credible, but it is not our role to reweigh evidence or assess witness credibility. See *State v. Anderson,* 291 Kan. at 855. That's the district court's function.

Second, Floyd has failed to establish that the district court erred in denying his postsentencing motion to withdraw plea. Substantial competent evidence supports the

district court's findings that Floyd's plea was knowingly and voluntarily made and that Floyd failed to establish manifest injustice to withdraw his plea.

Under the terms of the plea agreement, Floyd agreed to plead no contest to the four amended charges, and he would serve all sentences consecutively for a total of 177 months' imprisonment. In exchange, the State agreed to recommend a dispositional departure to 36 months' probation.

The plea agreement included the following: Floyd was not under the influence of drugs or alcohol; he was of sound mind when he entered into the agreement; he had discussed the plea agreement with his attorney and understood every charge made against him; he was satisfied with his attorney's counseling and advice; and he had entered his no contest plea freely and voluntarily. Furthermore, paragraph 11 of the agreement stated Floyd agreed that no branch of government "promised, suggested, or predicted" that he would receive "a lighter sentence, or probation or any other form of leniency" by pleading no contest. Finally, under the agreement, Floyd acknowledged: "I fully understand that the Court is not bound by any recommendations as to what sentence should be imposed or as to any judgment of the Court."

At his plea hearing, the district court asked Floyd a series of questions to determine whether he understood his rights and the plea agreement. Floyd informed the district court that he had completed 10 years of schooling, was able to read the plea agreement, and had read it before signing. He said he was not under the influence of any mind-altering substances and nothing was clouding his judgment or preventing him from making a clear and informed voluntary decision. Floyd stated he had discussed his case, including the charges, possible defense rights at trial, and appeal consequences with his attorney, and that he fully understood the penalties he was facing. He also said he fully discussed his criminal history with his attorney. He was aware his criminal history score was an A and that he was facing a presumptive prison sentence. Floyd told the district

4

court that he was satisfied with the legal advice and assistance he received from his attorney.

Floyd also informed the court no one had pressured, coerced, or threatened him into entering a plea agreement. The district court then asked Floyd, "Do you understand that any agreements regarding sentencing or probation are only recommendations to the court, but are not binding on the court?" Floyd replied that he understood. Following the district court's questions, Floyd pled no contest to the four charges. The district court found Floyd entered his plea "freely and voluntarily, after a full and complete opportunity to consult with counsel, and not out of ignorance, fear, inadvertence or coercion."

Prior to sentencing, Floyd's attorney filed a motion for dispositional/durational departure. At his sentencing hearing, Floyd acknowledged that he had had an opportunity to review his criminal history as set forth in his presentence investigation report (PSI). Again the district court stated Floyd's criminal history score was an A, and Floyd did not object. The district court heard arguments from Floyd's attorney in support of the motion. Floyd testified, along with two other witnesses who spoke on his behalf.

After hearing testimony and reviewing the record, the district court denied the departure motion stating: "[T]he court simply does not find under all of the circumstances that there are substantial and compelling reasons to grant either a dispositional or durational departure in this case." The district court reiterated that the State's agreement to recommend probation was simply a recommendation and was not binding on the court. The district court ultimately sentenced Floyd to 170 months' imprisonment.

After sentencing, Floyd filed a pro se motion to withdraw his plea. His attorney later filed a motion to withdraw plea. Floyd argued his attorney never informed him of the special rules that the district court could consider to deny him probation. He also

5

claimed he was "led to believe that probation would be granted in his case." He further stated he was not informed that his attorney would have to file and argue a departure motion in order to receive probation. He claimed he would not have entered his plea had he been advised of the special rules and their ramifications in this case.

The district court held an evidentiary hearing on the motions. Floyd testified he initially turned down a few plea offers for prison time, as he intended to go to trial a second time. Shortly before the second trial, the State offered a plea recommending probation. Floyd initially did not sign that agreement because the State merely "recommended" probation. The county attorney then changed the language from "recommend" to "agree." Because the State modified that language, Floyd believed probation "was a done deal," and the district court would sentence him to probation. Floyd saw the amended plea agreement the day of the plea hearing, reviewed it for 15 to 20 minutes, then signed it. Floyd testified that he read and understood the agreement prior to signing.

Floyd further testified he received the PSI prior to sentencing, however, he did not believe he had discussed it with his attorney. Yet, he knew his criminal history score was an A. Floyd also said this was not the first PSI he had seen, although it had been years since he last reviewed one.

Floyd admitted he had prior experience with the judicial system. The district court sentenced him to probation in 2011 after he pled guilty to a felony identify theft offense. Floyd testified the plea agreement process in the identity theft case was similar to the process he experienced in this case. Floyd also addressed the departure motion. He saw a copy of the motion before sentencing, but he did not question his attorney about the motion because he believed "it was just part of the procedure." Floyd also testified it "raise[d] a red flag" when the district court asked him if he was aware his criminal history score was an A. He said, "I had concerns if I would get probation by that statement that

6

the Judge made. I had my doubts from the beginning, but [my attorney] never told me it was a bad plea." Floyd said his attorney never informed him that probation was not guaranteed; he believed his attorney and the county attorney were the two who decided his probation sentence, and not the district court.

Next, Floyd's trial attorney testified. He had no concerns that Floyd understood the offer, his criminal history, the penalties, and that he faced a presumptive prison sentence for his crimes. He said he explained to Floyd that he would have to file a departure motion because Floyd was facing a presumptive prison sentence, and it was up to the district court to depart. He recalled Floyd questioning whether the district court would follow the recommendations. He said he could not guarantee anything; however, it was "always good to have recommendations from the county attorney as to probation." Floyd's trial attorney did not specifically recall discussing special rules with Floyd, but he said it was his habit to do so. He knew the special rules applied and he would have discussed those with Floyd.

Following that evidentiary hearing, the district court found Floyd knew that his criminal history score was an A and that he was facing a presumptive prison sentence. The district court also found Floyd fully understood the district court was not bound to follow a plea agreement. The tender of plea provided this information, which he read, and he acknowledged his understanding in court. The district court also found Floyd "was represented by an experienced criminal defense attorney" who believed he advised Floyd of the special rules before Floyd entered the plea agreement. The district further stated: "However, even if [trial counsel] did not advise [Floyd] of the special rules prior to entering his pleas, [Floyd] was aware of the special rules by his own testimony when he received the PSI; yet, he did not seek to withdraw his pleas at that time."

Based on the record, we conclude the district court did not abuse its discretion in denying Floyd's postsentence motion to withdraw his plea.

7

Affirmed.