NOT DESIGNATED FOR PUBLICATION

No. 115,124

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

BILLY JOE RANDLE, JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WILLIAM S. WOOLLEY, judge. Opinion filed March 10, 2017. Affirmed.

*Carl F.A. Maughan*, of Maughan Law Group LC, of Wichita, for appellant.

*Julie A. Koon*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., STANDRIDGE and GARDNER, JJ.

*Per Curiam*: Billy Joe Randle, Jr., appeals the district court's dismissal of his motion to correct an illegal sentence. Because Randle fails to show error in the district court's decision that it lacked jurisdiction to consider the merits of that motion, we affirm.

1

*Factual and procedural background*

Randle pled guilty to theft after a prior conviction and criminal damage to property. Prior to sentencing, Randle filed two motions: one challenging his criminal history score of A under *State v. Murdock*, 299 Kan. 312, 323 P.3d 846 (2014), *overruled by State v. Keel*, 302 Kan. 560, 357 P.3d 251 (2015), and another requesting a departure.

At sentencing, the district court reclassified two of the five crimes Randle complained of on his presentence investigation report (PSI), but his criminal history score remained unchanged because of other person felonies on his PSI. The district court denied Randle's departure motion and sentenced him to 15 months' imprisonment. Randle filed a direct appeal from his sentence pursuant to *Murdock*, and that appeal was docketed with this court on April 2, 2015.

On July 1, 2015, while his direct appeal was still pending, Randle filed in the district court a motion to correct an illegal sentence, seeking relief under *State v. Dickey*, 301 Kan. 1018, 350 P.3d 1054 (2015). The State responded that the district court lacked jurisdiction to hear that motion because Randle had filed and docketed a direct appeal, which was pending. The district court agreed, denying Randle's motion because the court did "not have jurisdiction to modify an illegal sentence when the issues raised in the motion were previously addressed and are now on appeal." Randle timely appeals that decision.

*Did the district court err in dismissing Randle's motion to correct an illegal sentence?*

Randle argues that the district court erred in dismissing his motion to correct an illegal sentence because *Dickey* provides him with relief. He completely ignores, however, that the district court dismissed his motion for lack of jurisdiction and did not reach its merits.

Once a direct appeal is docketed, the district court loses jurisdiction over the case. *State v. Fritz*, 299 Kan. 153, 155, 321 P.3d 763 (2014) (stating "district court loses jurisdiction over case after direct appeal docketed"); *State v. Smith*, 278 Kan. 45, 51, 92 P.3d 1096 (2004) (stating district court correctly held it lacked jurisdiction to consider posttrial motions because "[o]nce [defendant's] appeal was docketed, the district court lost jurisdiction to hear them"); *State v. Dedman*, 230 Kan. 793, 796, 640 P.2d 1266 (1982) (stating "[t]he authorities support the position that when an appeal is docketed the trial court's jurisdiction ends").

It is undisputed that Randle's direct criminal appeal was docketed on April 2, 2015, and that his appeal was still pending when Randle filed his motion in the district court to correct an illegal sentence on July 1, 2015. Because Randle's direct appeal was docketed and pending, the district court did not have jurisdiction to hear Randle's motion to correct an illegal sentence and did not err in dismissing that motion. See *Fritz*, 299 Kan. at 155.

Affirmed.