NOT DESIGNATED FOR PUBLICATION

No. 117,136

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

CLIFTON PILLOW,
*Appellant*.


MEMORANDUM OPINION

Appeal from Sedgwick District Court; BRUCE C. BROWN and STEPHEN J. TERNES, judges.
Opinion filed March 9, 2018. Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Boyd K. Isherwood*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before MALONE, P.J., SCHROEDER, J., and BURGESS, S.J.


PER CURIAM: Clifton Pillow appeals the denial of his presentence motion to withdraw his plea. Pillow alleges his plea was not fairly and understandingly made because he did not realize the district court would find him guilty based on his plea of no contest. Pillow also contends his counsel pressured him into accepting the plea. We affirm.

1

The State charged Pillow with aggravated battery, a severity level 4 felony. A jury trial was scheduled for May 2, 2016. Before trial began, Pillow entered into a plea agreement and pled no contest to severity level 7 aggravated battery. As part of the plea agreement, the State agreed to request the low number in the sentencing grid box. Pillow was free to argue for an alternative disposition. The State intended to request a prison sentence and request Pillow's sentence run consecutive to any other sentences.

Prior to sentencing, Pillow moved to withdraw his plea. Pillow alleged his counsel, Jama Mitchell, intimidated and coerced him into taking the plea agreement and further alleged he was misled with regard to the plea. Both Pillow and Mitchell testified at the hearing on the motion to withdraw a plea.

Pillow testified he was coerced into entering a plea. Pillow indicated he signed the plea agreement but did not read or understand it. Pillow claimed he did not read the defendant's acknowledgment of rights and entry of plea form before signing it because he was rushed. Pillow alleges he did not understand a no contest plea was "basically pleading guilty" until he got back to the jail and other inmates explained it to him. Pillow testified he assumed his no contest plea "was like a not guilty plea" and did not understand the judge when he explained the ramifications of taking a plea. Pillow "was just ready to get it over with." Pillow indicated he did not believe Mitchell was prepared to go to trial.

Mitchell testified Pillow wanted a plea offer with either probation, concurrent sentences with his prior Oklahoma conviction, or a misdemeanor charge. She told Pillow a jury could likely be convinced to convict him of severity level 7 aggravated battery, but the jury could convict him of severity level 4 aggravated battery. Mitchell indicated she subpoenaed the witness Pillow requested and had been preparing to go to trial for weeks.

Mitchell testified the State's final plea offer was for the low number of the grid box with a plea of no contest and Pillow would be free to argue whatever he wanted. Mitchell believed she had plenty of time to discuss the decision with Pillow and did not feel rushed. Mitchell testified she did not threaten, coerce, or force Pillow into accepting a plea so she would not have to try the case. Mitchell indicated Pillow was initially hesitant to accept the plea, but she did not speak with him long before he accepted the plea agreement. Finally, Mitchell testified she read Pillow both the plea agreement and the defendant's acknowledgment of rights and entry of plea.

The same district court judge who presided over the motion to withdraw a plea hearing also presided over Pillow's plea. He recalled Pillow receiving ample time to discuss his options with his attorney. The district judge also reviewed a transcript of the plea hearing and noted he had discussed the ramifications of entering a no contest plea multiple times before accepting Pillow's plea. The district judge noted the transcript even indicated a jury was waiting downstairs if Pillow preferred to proceed to a jury trial. The judge noted Pillow did not seem shocked or surprised when he was pronounced guilty. The district judge concluded:

> "Pillow's testimony today was—it was vague at times, I felt at times that it was evasive and clearly conflicts his sworn testimony to me at the time of taking this plea. That is my conclusion is that this is a case of buyer's remorse. Once the plea's done and Mr. Pillow is back in jail and reflects and the fact that the trial's looming over him fades away, I think it is simply buyer's remorse, which is not good cause."

The district court denied Pillow's motion to withdraw his plea.

Pillow subsequently filed a motion for durational or disposition departure. The district court denied his motion and sentenced Pillow to 29 months' incarceration. Pillow appealed.

## THE DISTRICT COURT DID NOT ERR WHEN IT DENIED PILLOW'S MOTION TO WITHDRAW HIS PLEA

Pillow argues the district court erred when it denied his motion to withdraw his plea. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2016 Supp. 22-3210(d)(1). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). On appeal, the defendant must establish that the trial court abused its discretion in denying a presentence motion to withdraw plea. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). "Applying an abuse of discretion standard does not involve reweighing evidence or assessing witness credibility; we defer to district court fact finding in these matters." *State v. Reu-El*, 306 Kan. 460, 472, 394 P.3d 884 (2017).

Three factors, often referred to as the *Edgar* factors—after *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006)—generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2016 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Pillow makes two arguments. First, he argues his plea was not fairly and understandingly made. Pillow contends he did not believe pleading no contest would result in a finding of guilt. Pillow also argues the plea was a product of his counsel's pressure despite his making clear he would only accept a plea if the State agreed to recommend probation and concurrent sentencing. Neither argument is persuasive.

At the plea hearing, the district judge specifically asked Pillow, "Now, you understand by pleading no contest, if I accept that plea, you will be found guilty? You understand that?" Pillow responded, "Yes, sir." Later, the judge reiterated, saying:

> "The bottom line is, Mr. Pillow, by entering a plea today there will be no trial, you'll be admitting the charge is true, . . . and I'll find you guilty just as if you'd had a trial in front of a jury where they had found you guilty. You understand that?"

Pillow again indicated he understood.

At the evidentiary hearing, Pillow also testified he felt rushed and did not believe Mitchell was prepared for trial. In contrast, Mitchell testified she was prepared to try the case at the time Pillow agreed to the plea. Mitchell indicated they were not rushed to accept the plea. Although the district court was ready to try the case she had plenty of time to discuss Pillow's options with him. Further, while Mitchell admitted the plea agreement did not fulfill any of the objectives Pillow originally gave her, she also indicated she did not speak with Pillow very long before he stated he would accept the plea agreement.

At the plea hearing, Pillow testified he wanted to enter into the plea agreement and no one was forcing, threatening, or promising him anything in order to get him to plea. Pillow also indicated he was satisfied with Mitchell's services and was satisfied with how the district court treated him.

5

Although Pillow testified he did not understand a no contest plea would result in him being found guilty and Mitchell pressured him into taking the plea, the district court determined Pillow's statements at his plea hearing were more credible than his testimony at the hearing on his motion to withdraw his plea. This district court is in a better position to assess a witness' credibility. See *State v. Fulton*, 292 Kan. 642, 647, 256 P.3d 838 (2011). As such, Pillow's plea was fairly and understandingly made, and he was not coerced into accepting the plea. Pillow did not show good cause and the district court did not err when it denied his motion to withdraw his plea.

Affirmed.