NOT DESIGNATED FOR PUBLICATION

No. 117,830

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

WALTER V. GREEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; WARREN M. WILBERT, judge. Opinion filed September 7, 2018. Affirmed in part, sentence vacated, and remanded.

*Corrine E. Gunning*, of Kansas Appellate Defender Office, for appellant.

*Matt J. Maloney*, assistant district attorney, *Marc Bennett*, district attorney, *Derek Schmidt*, attorney general, for appellee.

Before GARDNER, P.J., GREEN and HILL, JJ.

PER CURIAM: Walter V. Green pleaded guilty to one count of burglary and one count of criminal threat. Before sentencing, Green moved to withdraw his plea. The court denied that motion and sentenced Green to 19 months' imprisonment. Green appeals the district court's denial of his motion to withdraw plea, and its classification of his prior convictions. We find no error in the district court's denial of Green's motion to withdraw his guilty plea. But we agree that the district court improperly classified Green's three prior convictions as felonies, so we remand for resentencing.

1

*Factual and procedural history*

Green was charged with two counts of burglary, two counts of theft, one count of criminal damage to property, and one count of criminal threat. He pleaded guilty to one count of burglary and one count of criminal threat under a plea agreement, and the State dismissed the remaining counts.

At his plea hearing, Green told the district court he was satisfied with his representation from his attorney, Brandon Hottman. Green agreed that he had had enough time to review the plea agreement and that Hottman had answered all his questions. Green confirmed his understanding of his potential sentence, that the plea agreement did not bind the court, and that the court could impose any legal sentence it found appropriate. The district court found that an adequate factual basis supported the plea agreement and that Green had entered into it voluntarily and with a full understanding of what it entailed. It thus accepted Green's plea.

Before sentencing, however, Green moved to withdraw his plea. Green claimed that Hottman had promised him probation if he accepted the plea offer. Green argued that his plea was involuntary and that Hottman had not discussed the case with him. He added that Hottman had told him he would be found guilty if he did not take the plea, and that he did not understand the possible sentence he could receive.

The district court appointed new counsel for Green before holding an evidentiary hearing on his motion. At that hearing, Green testified that Hottman had told him he would receive probation if he entered a plea. When the two of them reviewed the plea agreement, Green told Hottman that he wanted to resolve the case as soon as possible. Green said Hottman had met with him seven times, including on weekends, to discuss various aspects of the case and the plea offer. Hottman had also told Green that the judge did not have to follow the plea agreement and that the special rule implied a presumptive

prison sentence. Green testified that when he signed the plea agreement, he did not know a potential prison sentence was going to be "part of the deal with the plea." To the contrary, he signed the plea agreement because he thought it would get him probation.

The district court found no good cause to withdraw Green's plea and denied the motion. It then denied Green's request for a departure to probation, and sentenced Green to 19 months' imprisonment. Green timely appeals.

*The district court did not abuse its discretion by denying Green's motion to withdraw plea*

We first examine Green's contention that the district court erred by denying his motion to withdraw his plea. We review a district court's decision to deny a presentence motion to withdraw plea for an abuse of discretion. *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). Judicial discretion is abused only if the action (1) is arbitrary, fanciful, or unreasonable, (2) is based on an error of law, or (3) is based on an error of fact. *State v. Marshall*, 303 Kan. 438, 445, 362 P.3d 587 (2015). The party asserting that the district court abused its discretion bears the burden to prove the abuse of discretion. *State v. Robinson*, 303 Kan. 11, 90, 363 P.3d 875 (2015).

A defendant may withdraw a plea for good cause and within the discretion of the court at any time before sentencing. K.S.A. 2017 Supp. 22-3210(d)(1). This good cause standard is more lenient than the manifest injustice standard a defendant must meet for a postsentence motion to withdraw a plea. *State v. Macias-Medina*, 293 Kan. 833, 836-37, 268 P.3d 1201 (2012). In determining whether a defendant has shown good cause to withdraw a plea, the district court should consider three factors established in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006):  (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly

3

made. These factors should not, however, be applied mechanically or to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Instead, these factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

The district court here properly applied the law and discussed the *Edgar* factors at the motion hearing. It then applied those factors and concluded that Green had not shown good cause to withdraw his plea. We agree.

As to the first factor, the testimony shows that Green was represented by competent counsel when he entered his plea. Hottman met with Green at least seven times, and Hottman pursued a plea deal quickly at Green's request. That deal included Green's plea to two counts, and the State's dismissal of four other counts Green had originally faced. Hottman also made sure Green knew that there was video and voice evidence seemingly against him. Hottman discussed the applicable special sentencing rule and the presumptive prison nature of Green's offense. And Green told the district court during the plea hearing that he was satisfied with Hottman, admitting that Hottman had discussed the charges against him, his rights, and the potential consequences of the plea.

As to the second factor, the record refutes Green's assertion that his attorney misled and coerced him into taking the plea. Green testified that Hottman had said he would get probation if he agreed to the deal, and that he had relied on that promise when entering his plea. He testified that he would not have agreed to the plea agreement without that assurance. But both Hottman and the district court made Green aware of other potential consequences before he pleaded. Green replied that he understood that the court was not bound by the plea agreement and that probation was not guaranteed. We

4

find no evidence that Hottman misled Green, coerced him into the plea, or otherwise treated him unfairly.

As to the third factor, sufficient evidence shows that Green's plea was fairly and understandably made. Even though Green testified that he understood the plea agreement and entered into it knowingly and voluntarily, as his signature on the plea agreement confirms, he later claimed he made the plea involuntarily and did not fully understand it. He testified that his main reason for wanting to withdraw his plea is so he can return to work instead of spending time in prison. Although Green has a ninth grade education and dyslexia that makes reading difficult, he had ample opportunity to review the plea agreement. Both Hottman and the district court reviewed that agreement with Green, and established his basic understanding of the document and the consequences of agreeing to it. At each stage of the proceedings, Green expressed his awareness of what was happening and his desire to enter his plea. The district court had the opportunity to question Green, to observe his interactions with Hottman, and to ensure that Green was of sound mind when he entered the plea. The facts of record support the finding that Green made his plea knowingly and voluntarily.

We do not reweigh evidence or assess the credibility of witnesses. We find no abuse of discretion in the district court's determination that Green failed to show good cause to withdraw his plea.

*The district court improperly classified certain convictions as felonies*

At sentencing, the district court determined Green had a criminal history score of E, based in part on two 2008 convictions for driving under the influence and one 1988 conviction for criminal damage to property. The district court classified those convictions as nonperson felonies. Green argues that the district court should have classified all three

5

as misdemeanor offenses; thus, his sentence is illegally based on an incorrect criminal history score.

The State concedes this issue. For this reason, we must vacate Green's sentence and remand for resentencing with a correct criminal history score that counts each of these three crimes as misdemeanors instead of felonies. Although the State notes its belief that Green was released from prison in November 2017, it has not shown that this sentencing issue is moot.

We affirm the district court's denial of Green's motion to withdraw his plea, but vacate his sentence and remand for resentencing.