NOT DESIGNATED FOR PUBLICATION

No. 120,150

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

LEE LUNSFORD JR.,
*Appellant*.

MEMORANDUM OPINION

Appeal from Atchison District Court; ROBERT J. BEDNAR, judge. Opinion filed August 30, 2019. Affirmed.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, for appellant.

*Sherri L. Becker*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., BRUNS and WARNER, JJ.

PER CURIAM: Lee Lunsford Jr. appeals from the district court's denial of his presentence motion to withdraw plea. On appeal, Lunsford contends that the district court abused its discretion when it denied his motion. Specifically, Lunsford argues that a competency evaluation performed after sentencing showed that he was incapable of understanding the proceedings at the plea hearing. Applying the *Edgar* factors to the record on appeal, we conclude that the district court did not abuse its discretion in denying Lunsford's motion. Further, we conclude that the competency evaluation fails to establish that Lunsford was incapable of understanding his plea or the potential consequences that could result. Thus, we affirm.

1

On March 9, 2018, the State of Kansas charged Lee Lunsford with aggravated domestic battery. Two weeks later, Lunsford entered into a plea agreement in which he agreed to enter a plea of no contest in exchange for the State dismissing another criminal case pending against him. At the plea hearing, the district court questioned Lunsford to confirm that he had an adequate opportunity to speak to his attorney, that he understood the terms of the plea agreement, and that he was voluntarily waiving his rights. In addition, the district court advised Lunsford that "the potential sentence in this matter is 11 to 34 months with the Department of Corrections." The district court accepted the plea and found Lunsford guilty.

On May 18, 2018, Lunsford's attorney made an oral motion to determine his client's competency. A few days later, the district court entered an Order to Determine Competency. A report entitled Competency to Stand Trial Evaluation was submitted to the district court on June 26, 2018, which concluded:

"The Defendant is a 49 year old man with a history of arrest and incarceration and a lengthy history of drug abuse, including some documented psychosis during a period of methamphetamine intoxication. The clinical interview provided supports the lack of previous mental illness but is positive for a long-standing drug use and addiction history. The results of [testing] indicate that the Defendant does not evidence current impairment of his mental processes.

"Overall, the results of the . . . semi-structured interview of competence support the interpretation of minimal or no impairment to mild impairment in his abilities necessary to be capable of understanding the court and legal process, the charges he faces, his ability to reasonably cooperate with legal counsel and also appreciate his legal status and situation. However, there is one finding that occurs twice . . . that raises questions and does indicate he could experience some difficulty cooperating with his attorney. His focus on a previous criminal case from Leavenworth County that is not resolved at the time of this evaluation and does change the presumptive sentencing guides

2

is an issue. The Defendant claims he does not understand this matter and it does potentially interfere with him being willing to give his full attention to this case. Nevertheless, this distraction does not appear to be due to mental illness or mental defect and could be addressed through further face-to-face discussion on the matter with his attorney.

"Therefore, it is recommended to the Court that the Defendant be considered competent to stand trial in this case."

Lunsford filed a motion to withdraw his no contest plea on July 19, 2018. In support of his motion, Lunsford argued that he "had no recollection of the advisement of rights and possible sentencing outcomes" and that he suffered "from an inability to fully comprehend that which he was advised of prior to . . . [and] during the March 23, 2018 hearing." He further argued that he did "not feel that the plea was freely given because he was not capable of understanding his rights and the possible sentencing outcomes." Finally, he argued that these circumstances constituted good cause to withdraw his plea under K.S.A. 2018 Supp. 22-3210(d)(1).

The same district judge who had taken Lunsford's plea conducted a hearing on the motion held on July 27, 2018. At the hearing, Lunsford's attorney argued that her client could not recall information from their original discussions relating to the plea agreement and that he was unable to advise her regarding some of the facts. Although she recognized that the evaluation indicated "no impairment," she argued that it showed that "there could be some mild impairment with regard to his ability to understand and talk to his attorney."

In response, the State first pointed out that Lunsford had entered 34 pleas for a variety of crimes during his lifetime. The State also argued that Lunsford knew what he was doing when he agreed to the terms of the plea agreement and when he entered his plea. The State further argued that Lunsford simply had "buyer's remorse" after the fact

and was trying to back out of the deal in light of the sentencing recommendations set forth in the presentence investigation report.

Lunsford's attorney agreed "that the sentencing recommendations were what caused us to reevaluate." However, she continued to argue that her client had a mental impairment at that time he entered his plea. Ultimately, the district court denied Lunsford's motion to withdraw a plea and sentenced him to 27 months of incarceration with a postrelease supervision period of 12 months.

ANALYSIS

The sole issue presented on appeal is whether the district court erred in denying Lunsford's presentence motion to withdraw his no contest plea. K.S.A. 2018 Supp. 22-3210(d)(1) provides: "A plea of guilty or nolo contendere, *for good cause shown and within the discretion of the court*, may be withdrawn at any time before sentence is adjudged." (Emphasis added.) Accordingly, we must review the record on appeal to determine whether the district court abused its discretion in concluding that Lunsford failed to establish good cause to withdraw his plea. See *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

Three factors—often referred to as the *Edgar* factors—guide our consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2018 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing. These factors are: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014) (citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]). Although these factors are not to be applied mechanically or to the exclusion of other factors, they do establish "'viable

4

benchmarks'" to district courts when exercising their discretion. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

In *State v. Plotner*, 290 Kan. 774, 235 P.3d 417 (2010), the Kansas Supreme Court considered a district court's denial of a presentence motion to withdraw plea in a case in which the defendant "had an I.Q. of 91 . . . and was suffering some mild to moderate symptoms of depression." 290 Kan. at 776. In *Plotner*, the defendant had agreed to plead guilty to three counts arising out of sexual contact with minors in exchange for the State agreeing to dismiss four related counts. In his motion to withdraw plea, the defendant claimed that he "had a very limited, and almost childlike, understanding regarding the seriousness of the crimes he committed." 290 Kan. at 777.

In affirming the district court's decision in *Plotner*, our Supreme Court explained that a defendant bears the burden of establishing that the district court abused its discretion in denying a presentence motion to withdraw plea. 290 Kan. at 777. Concerning the first *Edgar* factor, our Supreme Court found that defense counsel had explained the potential sentence and that the defendant had indicated his understanding. Turning to the second factor, our Supreme Court determined that the district court had adequately determined that the defendant understood his rights, that he entered into the plea voluntarily, and that he understood the potential consequences of his plea. 290 Kan. at 779.

Regarding the third factor, our Supreme Court determined in *Plotner* that the plea had been fairly and understandingly made because the defendant had been "informed of all the charges and knew which counts would be dismissed in exchange for a plea and was informed of the possible sentence." 290 Kan. at 779. Moreover, it noted that "the district court properly considered whether there was good cause for withdrawal and found none. Further, reasonable people could agree with the district court's assessment." 290 Kan. at 780. Thus, our Supreme Court held that "the district court did not abuse its

5

discretion by denying [the defendant's] motion to withdraw his guilty plea." 290 Kan. at 780.

Similarly, based on our review of the record in the present case, we find that the district court did not abuse its discretion by denying Lunsford's motion to withdraw his plea in this case. Regarding the first *Edgar* factor, the transcript of the plea hearing includes this exchange:

> "THE COURT: Mr. Lunsford, have you had enough time to talk to [defense counsel] about this?
> "DEFENDANT: Yes.
> "THE COURT: Do you have any questions you need to ask her in private?
> "DEFENDANT: No.
> . . . .
> "THE COURT: Do you understand that the potential sentence in this matter is 11 to 34 months with the Department of Corrections?
> "DEFENDANT: Yes."

Accordingly, the district court gave Lunsford an opportunity to talk to his attorney and to ask her additional questions in private if he did not understand what she had told him. Further, although Lunsford now claims that he did not understand his potential sentence, the transcript of the plea hearing shows that Lunsford knew the potential sentence he would receive would be between "11 to 34 months with the Department of Corrections." Of course, the sentence of 27 months ultimately imposed by the district court falls within these parameters. Thus, we find nothing in the record to indicate that Lunsford's attorney was ineffective.

Concerning the second *Edgar* factor, a review of the transcript of the plea hearing reveals the following dialog between the district court and Lunsford:

"THE COURT: Has anybody threatened you or promised you something to get you to waive your right to a preliminary hearing?

"DEFENDANT: No.

"THE COURT: Are you currently under the influence of any medication, alcohol, or drugs?

"DEFENDANT: No.

"THE COURT: The Court will accept your waiver of preliminary hearing."

The district court's inquiry—which continued for several more pages of the transcript—reflects that the district court asked sufficient questions regarding Lunsford's understanding of the consequences of his plea, his criminal history, his right to a jury trial, and his right to appeal. This exchange was very similar to the colloquy the district court conducted with the defendant in *Plotner*, which our Supreme Court found to be sufficient under the second *Edgar* factor. See 290 Kan. at 779. As such, we find nothing in the record to lead us to the conclusion that Lunsford was misled, coerced, mistreated, or unfairly taken advantage of in entering his plea.

The third *Edgar* factor also suggests that the district court did not abuse its discretion. In addition to the above, we find it significant that the same district court judge conducted the plea hearing and heard the motion to withdraw plea. See *State v. Macias-Medina*, 293 Kan. 833, 839, 268 P.3d 1201 (2012). This is important because the district court was in the position to not only hear Lunsford's responses to questions but also had the opportunity to observe Lunsford's demeanor as he responded to questions. Moreover, the record reflects that Lunsford was informed of the charge, advised of his rights, knew that another criminal case would be dismissed in exchange for a plea, and was informed of the possible sentence. Accordingly, we find that Lunsford's plea was fairly and understandingly made.

We also note that although the district court accepted Lunsford's plea on March 23, 2018, Lunsford's attorney did not raise an issue regarding competency until

7

approximately two months later. Even if the evaluation report had indicated that Lunsford was not competent after the plea hearing, more would be needed to prove that he was incompetent at the time he entered his plea. See *State v. Shopteese*, 283 Kan. 331, 340-41, 153 P.3d 1208 (2007). We find nothing in the record to establish that Lunsford was incompetent at the time he entered his plea.

Finally, although the evaluation report indicated that Lunsford may have some trouble concentrating due to his fixation on a previous criminal case in another county, the evaluator opined that this "distraction does not appear to be due to mental illness or mental defect and could be addressed through further face-to-face discussion . . . with his attorney." As such, the evaluation does not support Lunsford's contention that "he was not capable of understanding his rights and the possible sentencing outcomes." Therefore, we conclude that the district court did not abuse its discretion by denying Lunsford's motion to withdraw his no contest plea.

Affirmed.