NOT DESIGNATED FOR PUBLICATION

No. 120,644

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

KELLY RAY LUTHI,
*Appellant*.

MEMORANDUM OPINION

Appeal from Riley District Court; MERYL D. WILSON, judge. Opinion filed February 28, 2020.
Affirmed.

*Ryan J. Eddinger*, of Kansas Appellate Defender Office, for appellant.

*Bethany C. Fields*, deputy county attorney, *Barry R. Wilkerson*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before MALONE, P.J., ATCHESON and SCHROEDER, JJ.

PER CURIAM: Kelly R. Luthi appeals the denial of his presentence motion to withdraw his plea of no contest to two counts of violation of the Kansas Offender Registration Act (KORA), K.S.A. 2019 Supp. 22-4901 et seq., and one count of unlawful possession of a controlled substance. The district court denied Luthi's motion and sentenced him to 43 months' imprisonment. Luthi failed to show the district court abused its discretion when it did not find good cause to allow the withdrawal of his plea. Finding no error, we affirm.

1

The State charged Luthi with eight counts of KORA violations in November 2017. While out on bond, the State arrested Luthi and charged him in another case with possession of methamphetamine and drug paraphernalia. Luthi entered into a plea agreement, which provided Luthi would plead no contest upon the State amending the information to charge him with two KORA violations and one count of unlawful possession of a controlled substance. All other charges would be dismissed. The plea agreement also reflected the State agreed not to file a pending charge for another KORA violation currently under investigation.

At the plea hearing, the district court engaged Luthi in a plea colloquy. Luthi stated he had read the two-page plea agreement, signed it, and discussed its contents and all of the questions he had with his counsel. Luthi further stated no one had made threats or promises to get him to sign the document, and he understood he was giving up his right to a trial by jury. Luthi proceeded to plead no contest to the three charges. The district court accepted the factual basis provided by the State for Luthi's pleas. The court found Luthi knowingly, voluntarily, and intelligently waived his rights, accepted his pleas, and found Luthi guilty.

Before sentencing, Luthi moved to withdraw his pleas, arguing he was under the influence of methamphetamine before and during discussions at the plea hearing. The motion to withdraw his plea was addressed at sentencing. Luthi testified he remembered reviewing and signing the plea agreement. However, he was requesting to withdraw his plea because he was "going through really hard times, and [he] was using drugs, simply methamphetamines and marijuana." Luthi further testified he remembered using methamphetamine intravenously the day before his plea hearing and snorting it on the day of the plea hearing. Luthi did not tell the district court or his counsel he was under the influence of methamphetamine at the plea hearing because he did not want to get in

trouble. He further claimed he answered the district court's questions at the plea hearing quickly and correctly to seem coherent and avoid detection. But he claims because he was under the influence of methamphetamine, he did not knowingly and intelligently enter his no-contest pleas.

On cross-examination, Luthi testified he had an extensive criminal history and had taken a plea for every charge. Luthi also stated he knew, generally, how pleas worked based on his past and the dismissed charges would be brought against him again if the court allowed the plea to be withdrawn. However, Luthi believed this case was different than his past cases because he had a "chance in jury trial." The district court denied Luthi's motion to withdraw his plea and imposed his sentence.

ANALYSIS

Luthi now argues the district court abused its discretion when it denied his presentence motion to withdraw plea. "A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2019 Supp. 22-3210(d)(1). "[A]n appellate court reviews a district court's decision to deny a plea withdrawal motion and the underlying determination that the defendant has not met the burden to show good cause for abuse of discretion." *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018).

A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018). The party asserting the district court abused its discretion bears the burden of showing such abuse of discretion. *State v. Thomas*, 307 Kan. 733, 739, 415 P.3d 430 (2018).

A district court typically considers three factors when it addresses whether a defendant has shown good cause: (1) Whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *DeAnda*, 307 Kan. at 503 (citing *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 [2006]). The above factors, known as the *Edgar* factors, should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014).

The prosecutor questioned Luthi about each *Edgar* factor individually at the sentencing hearing. Luthi testified that his counsel was "very, very competent." Luthi also testified he did not believe he was taken advantage of, misled, coerced, or mistreated. The district court found Luthi had competent counsel and he was not misled, coerced, mistreated, or unfairly taken advantage of based on his testimony. Luthi does not challenge these findings on appeal and instead relies solely on the third *Edgar* factor in challenging the denial of his motion to withdraw his plea.

Luthi asserts he demonstrated good cause under the third *Edgar* factor to withdraw his plea and the district court acted unreasonably when it rejected his testimony. Luthi testified at the sentencing hearing that because of his drug use, "everything was different than the way it is now." Luthi testified while he understood the terms and consequences of the plea, he was not fully listening to his counsel or reading the plea because all he wanted to do was finish the plea hearing without the district court discovering he was high on methamphetamine. Luthi felt like "everybody was after [him], so [he] signed [his] papers, [he] answered the Judge's questions." However, the record reflects he was able to rationalize the need to act fully aware and competent by answering all of the questions presented to him by his attorney before the hearing and by the court during the plea hearing.

In considering Luthi's motion to withdraw his plea, the district court noted it previously asked Luthi:

- If he had read the plea agreement;
- If he had signed it;
- If he had the opportunity to discuss the plea agreement's contents with his attorney;
- If he had any questions, and whether his attorney answered his questions to his satisfaction;
- Other than what was contained in the written plea agreement, whether anyone had made threats or promises to get him to sign either document;
- Whether his pleas were made freely and voluntarily; and
- Whether he understood that by entering his pleas he would waive his right to trial by jury.

To each of these questions, the record reflects Luthi answered yes or no as was appropriate. The district court found: "All of his answers were absolutely what this Court would have expected. They were appropriate, and there was no confusion, and they were respectful."

The district court judge went on to state he had taken thousands of pleas and observed defendants under the influence of drugs or alcohol. And he had stopped numerous proceedings based on his observations and made defendants answer specific questions about drug use or submit to urinalysis if he had concerns about drug use based on their actions. The judge further indicated this was not the first time he had had a chance to observe Luthi. Next, the district judge described the characteristics of people who had recently used methamphetamine and stated Luthi did not exhibit any of those

characteristics at the plea hearing. The district court denied Luthi's presentence motion to withdraw plea finding it was "fairly made . . . and understood" by Luthi.

Appellate courts generally will not overturn a trial court's weighing of the evidence or assessment of witness credibility from a cold record. *State v. Schaefer*, 305 Kan. 581, 595, 385 P.3d 918 (2016). The district court asked Luthi throughout the plea colloquy whether he read the plea agreement and discussed it with his counsel and whether he understood the rights he was giving up. Luthi answered yes to all of these questions. This was not Luthi's first experience with the court system and its procedures. Luthi argues the district court acted unreasonably when it rejected the credibility of his testimony, but the record supports the district court's findings. Luthi has failed to show good cause to withdraw his no-contest pleas under the third *Edgar* factor. Thus, Luthi has not met his burden to show the district court abused its discretion.

Affirmed.