NOT DESIGNATED FOR PUBLICATION

No. 121,608

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

HARRY J. PROVEAUX,
*Appellant*.

MEMORANDUM OPINION

Appeal from Ellsworth District Court; MIKE KEELEY, judge. Opinion filed May 8, 2020.
Affirmed.

*Jennifer C. Bates*, of Kansas Appellate Defender Office, for appellant.

*Paul J. Kasper*, county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before GREEN, P.J., POWELL and SCHROEDER, JJ.

PER CURIAM: Harry J. Proveaux contends that the district court abused its
discretion in denying his presentencing motion to withdraw his guilty plea. Proveaux
argues that his guilty plea was not fairly and voluntarily made because he was under
duress at the plea hearing. He further argues that the district court erred by failing to
appropriately apply the factors articulated in *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d
986 (2006). Because we conclude that the district court did not abuse its discretion, we
affirm.

1

The State charged Proveaux with one count of criminal use of a weapon, in violation of K.S.A. 2018 Supp. 21-6301, a severity level 8 nonperson felony, and one count of criminal carrying of a weapon, in violation of K.S.A. 2018 Supp. 21-6302, a class A nonperson misdemeanor. At his preliminary hearing in November 2018, the district court judge asked Proveaux if he wanted to waive his preliminary examination. Proveaux responded: "Under duress, I'd—for fear of going to jail. I mean, I don't want to take a felony. I don't want to go to jail either though, so . . . ." The State told the court that the parties had reached a plea agreement which would involve Proveaux pleading to the felony and the State dismissing the misdemeanor charge as well as making a favorable recommendation on a probation violation in an unrelated case.

The district court judge asked if Proveaux wished to enter a plea of guilty or no contest and Proveaux responded: "Honestly it's not my wish. But yeah, I am." Proveaux told the court that he would plead no contest. The court explained the rights Proveaux was waiving by entering a no-contest plea and asked if he agreed to waive those rights. Proveaux answered: "Under duress, yes, sir." The district court judge asked if anyone had promised, threatened, or coerced Proveaux to plead no contest. Proveaux answered: "None of those."

The district court accepted Proveaux's plea as freely and voluntarily made. The court found Proveaux guilty of criminal use of a weapon. The State dismissed the misdemeanor charge.

A new counsel for Proveaux moved to withdraw the plea. The district court held a hearing on this motion in March 2019. Proveaux testified that he felt like he was coerced to plead to the felony charge. When asked why he entered the plea, Proveaux testified that he felt like he had no choice because of the threat of jail time should he not accept the plea agreement. At the close of evidence, the court denied Proveaux's motion to withdraw his plea. At the sentencing hearing, the court sentenced Proveaux to 18 months'

probation with an underlying prison term of 10 months followed by 12 months of postrelease supervision.

Proveaux timely appeals the district court's denial of the motion to withdraw his plea.

*Did the District Court Err in Denying Proveaux's Motion to Withdraw His Plea?*

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2018 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the district court abused its discretion in denying a presentence motion to withdraw plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018). A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. *State v. Ingham*, 308 Kan. 1466, 1469, 430 P.3d 931 (2018).

Three factors (often referred to as the *Edgar* factors) generally guide a district court's consideration of whether a defendant has shown the good cause required by K.S.A. 2018 Supp. 22-3210(d)(1) to withdraw a plea before sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors are not to be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Also, these factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Proveaux argues that the district court erred in finding that he failed to satisfy any of the *Edgar* factors. On appeal, Proveaux, however, argues error solely under the second *Edgar* factor.

Proveaux contends that because the district court reasoned that he received a benefit under the plea, for example, less jail time, there was no good cause to allow him to withdraw his plea. Specifically, Proveaux quotes the district court judge stating the following:  "I'm not sure he was misled. I think he felt pressured, which I don't doubt. But he decided it was the—his benefit to take the plea, because he knocked off about five months of jail time. And he went ahead and pursued that." Proveaux maintains that the district court erred because this would be the wrong inquiry. He argues that the second *Edgar* factor is whether a defendant was coerced, regardless of whether the coercion benefitted the defendant. Proveaux contends that the district court abused its discretion by concluding Proveaux "felt pressured" instead of finding coercion.

On the other hand, the State argues that Proveaux has failed to meet his burden to show that the district court abused its discretion. The State notes that the district court gave Proveaux two opportunities to explain how he was coerced. First, at the plea hearing, the district court judge asked if Proveaux had been *promised* anything, *threatened*, or *coerced* in any way to plead no contest. (Emphasis added.) Proveaux replied:  "None of those." The State notes that despite the district court judge's questioning, Proveaux did not describe any coercive statements or actions which caused him to plead no contest. Second, at the hearing on the motion to withdraw plea, the district court judge again invited Proveaux to outline any statements or actions which he felt were coercive. The State points out that Proveaux's only explanation for entering the plea agreement was as follows:  "Because of the threat of jail time, I suppose." And so, the State argues that Proveaux never explained to the district court what coerced him to accept the plea agreement.

4

Additionally, the State analogizes the facts here to *State v. Dougherty*, No. 117,954, 2018 WL 3486145 (Kan. App. 2018) (unpublished opinion).In *Dougherty*, Frankie Donnie Stevens Dougherty pleaded no contest to one count of possession with the intent to distribute methamphetamine and one count of criminal possession of a firearm by a convicted felon. 2018 WL 3486145, at *1. Before sentencing, Dougherty moved to withdraw his plea. At an evidentiary hearing on the motion, Dougherty testified that a previous plea offer would have placed him on probation. But according to Dougherty, the State had changed the terms of the offer on the day of the plea hearing to 136 months in prison. Dougherty also maintained that if he rejected the plea offer, he would have had his bond immediately revoked and he would have had to turn himself in. The only evidence presented was Dougherty's own testimony. The district court denied Dougherty's motion to withdraw his plea, citing a lack of credible evidence to show coercion. On appeal, Dougherty argued that the district court abused its discretion by misapplying the second *Edgar* factor. Dougherty asserted that the last-minute change in terms, that the rapid deadline for deciding whether to accept the plea, and that the fear of the consequences of declining the plea offer put him in a state of duress. This court held that Dougherty failed to show any abuse of discretion. 2018 WL 3486145, at *5.

Proveaux here offers even less evidence of coercion than Dougherty offered to show an abuse of discretion. Dougherty described conditions relating to his duress, particularly focused on the State offering a new, and less favorable, plea bargain at the last minute. Proveaux, however, offered the district court no facts to support his bare contention of duress. And thus, Proveaux points to no fact in the record in which he alleges coercion.

Simply put, Proveaux's argument presupposes what he endeavors to prove; namely, that he was coerced to accepting the plea agreement "[b]ecause of the threat of jail time." Yet, what we expect from Proveaux's argument is evidence for believing this. This evidence is lacking for the following reason:  Proveaux made a conscious choice

5

between the benefit he would receive by accepting the plea agreement and the increased amount of jail time he would be required to serve if he chose not to accept the plea agreement.

And so, Proveaux's argument ignores the conscious choice he made in this matter. Particularly, Proveaux explained that he understood the choice the plea agreement presented to him, stating: "Basically that if I didn't take the felony, I would have to serve—sit in jail." The court explained to him that this is exactly the choice presented by the plea agreement. From the record, Proveaux clearly understood the choice before him. Proveaux explained with clarity that the plea agreement in this case would result in less jail time on a probation violation in a different case. As stated earlier, the district court judge gave Proveaux two opportunities to explain how he was coerced to accept the plea agreement. At both hearings, he not only failed to explain the coercion but also acknowledged that he understood his rights and agreed to waive them. Proveaux also acknowledged that he understood the proceedings against him and the terms of the plea agreement. And he further acknowledged that he chose to plead no contest.

As a result, we conclude that the district court did not abuse its discretion when it denied Proveaux's motion to withdraw his plea because Proveaux furnished no evidence and made no argument to support his contention that he was coerced to plead guilty. Thus, the district court properly denied Proveaux's motion to withdraw his plea.

Affirmed.

6