NOT DESIGNATED FOR PUBLICATION

Nos. 120,224
120,225
120,226

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DANNY E. COLEMAN,
*Appellant*.


MEMORANDUM OPINION

Appeal from Douglas District Court; SALLY D. POKORNY, judge. Opinion filed November 27, 2019. Reversed and remanded with directions.

*Hope E. Faflick Reynolds*, of Kansas Appellate Defender Office, for appellant.

*Kate Duncan Butler*, assistant district attorney, *Charles E. Branson*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before GREEN, P.J., BRUNS, J., and WALKER, S.J.


PER CURIAM: Danny E. Coleman appeals from the district court's denial of his presentence motion to withdraw his pleas. At the scheduled hearing on the motion, Coleman refused to be transported from jail to be present at the hearing, although his attorney was present to represent him. Without hearing argument, the district court denied the motion solely based on Coleman's refusal to appear at the hearing, without making any other findings. On appeal, Coleman contends that the district court should have taken up the motion in his absence and made findings under the statute to support its decision.

1

We agree that the district made an error of law by failing to make findings and, thus, its summary denial of the motion was an abuse of discretion. Consequently, we reverse and remand for a new hearing on Coleman's motion to withdraw his pleas.

FACTS

To resolve nine open cases, Coleman and the State reached a global plea agreement as follows:

- In case number 16CR688, Coleman was charged with aggravated robbery. He pled no contest to an amended charge of misdemeanor battery.
- In case number 16CR76, Coleman was charged with felony theft and interference with a law enforcement officer. He pled no contest to felony theft. The State dismissed the other charge.
- In case number 16CR616, Coleman was charged with possession of methamphetamine, possession of marijuana, interference with a law enforcement officer, and possession of drug paraphernalia. He pled no contest to possession of methamphetamine and possession of marijuana, both felonies. The State dismissed the other charges.
- In case number 16CR921, Coleman was charged with and pled no contest to misdemeanor theft.
- In case number 16CR1051, Coleman was charged with unlawful use of a credit card, theft of property, and forgery. He pled no contest to misdemeanor theft. The State dismissed the other two counts.
- In case number 16CR1128, Coleman was charged with and pled no contest to aggravated escape from custody, a felony.
- In case number 15TR4657, Coleman was charged with driving while suspended and driving with illegal registration. The State dismissed that case.

- In case number 16CR819, Coleman was charged with interference with a law enforcement officer and possession of drug paraphernalia. The State dismissed that case.
- In case number 12CR646, Coleman had been convicted of three counts of criminal damage to property. He admitted to violating his probation conditions.

This appeal involves only Coleman's pleas in the felony cases: case numbers 16CR76 (felony theft), 16CR616 (methamphetamine and marijuana possession), and 16CR1128 (aggravated escape).

At the beginning of the plea hearing on September 14, 2017, Coleman's attorney, Jim Rumsey, explained that Coleman was uncomfortable with the plea agreement and believed that the State was "going back on what it had originally offered in writing" in relation to sentences that were going to be requested by the State. Rumsey explained that he had not had time to talk to Coleman and that Coleman was "visibly upset." Coleman believed Rumsey had yelled at him. After hearing from Rumsey, the district court took a recess so that Coleman and Rumsey could further discuss the plea agreement.

After the recess, Rumsey stated that Coleman understood everything, but they would need to go slowly. The district court asked Coleman if he had reviewed the 20-page plea agreement with Rumsey, and he confirmed that he had done so. The court inquired whether Rumsey had answered all of Coleman's questions to his satisfaction, and Coleman again answered affirmatively. The court asked Coleman if there was anything in the plea agreement he did not understand. Coleman said no. The court then reviewed the plea agreement with Coleman in detail on the record, including the possible sentences for each count. The court advised Coleman of the rights he was waiving by pleading to the charges. Coleman confirmed that he had enough to time to talk to his attorney about the cases, that he was satisfied with his attorney's advice, and that he

3

understood what was going on at the plea hearing. The district court accepted the pleas and found Coleman guilty of the charges remaining under the plea agreement.

A sentencing hearing was scheduled during December 2017. However, Rumsey had raised concerns about Coleman's competency and raised the possibility that withdrawal of Coleman's pleas might be sought. The district court continued Coleman's sentencing hearing to allow Rumsey to explore his concerns. It is not clear from the record exactly what, if any, psychiatric evaluation was performed on Coleman. There are no formal psychiatric or competency reports in the record on appeal. But the record does contain a copy of a Senate Bill 123 drug evaluation for Coleman conducted by a local mental health facility. In the portion of the evaluation labeled "psychiatric history," the evaluation noted that Coleman had a prior diagnosis of schizophrenia and was under the supervision of the local mental health center, which was supervising a regimen of psychotropic medication while Coleman was in jail. Coleman told the Senate Bill 123 evaluator that he had a previous 5-day stay at Larned State Hospital in 2016 plus another commitment to that facility 11 years earlier. He described previous instances of suicidal ideation and a previous attempt at suicide in Colby when police said he "threw his head under a car in order to kill himself." Coleman reported difficulties with "hearing voices that others didn't hear," depression, anxiety, trouble understanding others, as well as having problems concentrating, remembering, and with interpersonal sensitivity issues. Additionally, Coleman reported that he had an intellectual disability, which he described as "mild mental retardation."

In March 2018, Rumsey filed a motion to withdraw as Coleman's counsel. Rumsey stated that he had received a phone call from Coleman who was "quite angry" and demanded that he withdraw. Coleman claimed that he had been "'done dirty'" and wanted to "'start from the beginning.'" The district court allowed Rumsey to withdraw and appointed Phil Crawford to represent Coleman.

4

In May 2018, prior to sentencing, Coleman filed a motion to withdraw his plea through his new attorney. The motion stated:

> "The Defendant was given no more than one day to consider the plea offer that was made on September 11, 2017, and then was taken on September 12, 2017. The Defendant believes that he was not fully informed by his attorney of the reasons for his plea and the full consequences of his plea. He was not fully informed of all possible defenses and all of the evidence in each of the cases where he took a plea. He maintains his innocence in 2016-CR-616."

In July 2018, the district court had scheduled a hearing to take up Coleman's motion to withdraw his plea. Although Crawford was present at the hearing as defense counsel, he advised the district court that Coleman did not want to be brought from jail to the hearing. Coleman was in the custody of the Douglas County Sheriff's Department. A deputy advised the district court that Coleman had indicated this wish the previous evening and confirmed that morning that he refused to be transported to the courthouse for the hearing. Coleman had communicated to jail personnel that he "did not want to come to court." Upon being informed of this, the district court, without asking for argument on the motion, ruled:

> "Okay. Well, we are here today upon Mr. Coleman's motion to withdraw his pleas. That's his motion and his burden to present evidence as to why he should be allowed to withdraw his plea.
> "He's—based upon his failure to appear, I'm dismissing that motion for his failure to proceed upon that motion. I don't believe we can sentence Mr. Coleman today without his appearance, but this is a court order for him to appear. He's the one that set the motion. He's the one that has caused me to set aside an hour and a half of my docket. It's inconvenienced the State. He's inconvenienced his attorney. He's inconvenienced me for this."

5

Coleman's attorney made no objection to the district court's announcement of the dismissal.

A sentencing hearing followed in August 2018. Coleman indicated to the district court that he was being rushed, was confused, and was not ready to go forward. The court denied his request to continue the sentencing hearing because of many prior continuances. The court also reiterated that it had denied Coleman's motion to withdraw his plea based on his "abandonment of that motion by failing to appear and prosecute it." After the State made its sentencing recommendations, Coleman asked to be removed from the courtroom "[i]f this guy can't slow down for me." Coleman said, "I come to court not to hear him go 500-mile-an-hour to me." Then Coleman said the court could sentence him in his absence and asked to leave. After the district court permitted him to return to jail, the court resumed the sentencing hearing without Coleman present.

At the sentencing hearing, Crawford noted that Coleman had diagnoses of schizophrenia, suicidal ideation, depression and anxiety, and an intellectual disability.

For the cases on appeal, the district court sentenced Coleman as follows:

- 12 months in prison for felony theft in 16CR76;
- 30 months in prison for possession of methamphetamine and 11 months in prison for possession of marijuana (to be served concurrently) in 16CR616; and
- 18 months in prison for aggravated escape from custody in 16CR1128.

The court ordered the sentences in 16CR76 and 16CR616 concurrent, but consecutive to 16CR1128 for an underlying prison sentence of 48 months to be served.

Coleman timely appeals from the district court's denial of his motion to withdraw his pleas.

ANALYSIS

On appeal, Coleman's single contention is that the district court abused its discretion by denying his motion to withdraw his pleas based on his absence alone, without any inquiry into the merits of the motion. Coleman argues that the hearing could have occurred despite his voluntary absence.

In response, the State contends that Coleman cannot raise this argument for the first time on appeal. The State further argues that the allegations in Coleman's motion are wholly unsupported by the record and that proof of the claims would have necessitated Coleman's testimony. The State points out that Coleman stated on the record at the plea hearing that he understood the plea, was satisfied with his attorney, and did not need additional time.

Coleman did not raise this specific argument below, but he filed a motion to withdraw his plea and the court denied that motion. We have jurisdiction to review the district court's denial of the motion.

"A plea of guilty or nolo contendere, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 2018 Supp. 22-3210(d)(1). On appeal, the defendant must establish that the district court abused its discretion in denying a presentence motion to withdraw plea. *State v. DeAnda*, 307 Kan. 500, 503, 411 P.3d 330 (2018); *State v. Schaal*, 305 Kan. 445, 449, 383 P.3d 1284 (2016). In order for the district court's decision to receive the full measure of deference of the abuse of discretion standard, it must have been based on a

7

correct understanding of the law. *State v. Williams*, 290 Kan. 1050, 1053, 236 P.3d 512 (2010).

K.S.A. 2018 Supp. 22-3210(a) embodies due process requirements and adds statutory conditions precedent to the acceptance of a plea. *State v. Edgar*, 281 Kan. 30, 37, 127 P.3d 986 (2006). Three factors (often referred to as the *Edgar* factors) generally guide a district court's consideration of whether a defendant has demonstrated the good cause required by K.S.A. 2018 Supp. 22-3210(d)(1) to withdraw a plea prior to sentencing: (1) whether the defendant was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. These factors should not be applied mechanically and to the exclusion of other factors. *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). These factors establish "'viable benchmarks'" for the district court when exercising its discretion, but the court should not ignore other facts that might exist in a particular case. *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016).

Our Supreme Court has emphasized the importance of a meaningful hearing on a presentence motion to withdraw a plea and that the defendant have conflict-free counsel to assist at that hearing. See *State v. Taylor*, 266 Kan. 967, 977, 975 P.2d 1196 (1999) ("The problem is that no meaningful hearing under K.S.A. 1998 Supp. 22-3210[d] was held. Similarly, without the assistance of conflict-free counsel, Taylor was given no meaningful opportunity to show 'good cause.'"). But the court has also said a hearing on a motion to withdraw a plea is limited to those motions that raise substantial issues of fact or law. When the files and records conclusively show that the defendant is entitled to no relief, the motion must be denied. Mere conclusions are insufficient to raise a substantial issue of fact when no factual basis is alleged or appears in the record. *Fritz*, 299 Kan. at 156.

Here, the district court was correct that it was Coleman's "burden to present evidence as to why he should be allowed to withdraw his plea." However, Coleman was represented by counsel. He did not abandon the motion. The district court did not inquire whether Coleman's attorney could argue the motion and/or present evidence without Coleman present. Coleman's motion to withdraw his plea was filed through his attorney. But the court immediately ruled without hearing argument or evidence. In its ruling, the court did not consider any of the *Edgar* factors. The court only considered the fact that Coleman was absent from the hearing.

Coleman contends that (1) having only one day to consider the plea was insufficient, (2) his attorney did not fully inform him of the reasons for his plea and the consequences of his plea, and (3) he was not fully informed of the possible available defenses and all of the evidence in each case.

The State admits that Coleman's claims are "not entirely conclusory" but are unsupported by the record.

In *Fritz*, the defendant claimed in his motion to withdraw his plea that he had not been sleeping well, which left him vulnerable to pressure from his attorney; his attorney misled him as to the sentence he would receive; and he believed there were defenses to some or all of the charges against him. The Kansas Supreme Court found that although the defendant's allegations corresponded with the *Edgar* factors, they lacked substance and were conclusory. 299 Kan. at 157.

It is apparent from the record that Coleman did not initially have sufficient time to consider the plea agreement but that his concerns were resolved on the day of the hearing. At the beginning of the plea hearing, Coleman did not understand the plea agreement and was "visibly upset." He thought his attorney (Rumsey) was yelling at him and thought the State was going back on what it had originally offered. The district court took a recess so

9

that Coleman and Rumsey could go over the plea agreement. It is not apparent how long the recess lasted. After the recess, Coleman told the district court that he had reviewed and understood the plea agreement. The court told Coleman that it did not want him to feel rushed and that he could stop the hearing at any time and take another recess. Coleman told the court he had had enough time to talk to his attorney and was satisfied with his attorney's advice. Coleman stated that he had "minor retardation" but that he was still able to understand the proceeding. The court reviewed the plea agreement with Coleman in detail on the record, including the possible sentences for each count.

Coleman also argues his attorney did not inform him of the consequences of the plea, the evidence against him, or the defenses available to him. As alleged, this contention lacks specificity. He does not say what consequence or defense that his attorney failed to inform of that would have changed his decision to plead. Coleman did have a preliminary hearing on each of the cases on appeal. Coleman attended those hearings. Under *Fritz*, this lack of detail would normally cause his motion to be fatally flawed.

Thus it is indisputable that Coleman's allegations are *mostly* conclusory and unsupported by the record. But as we note below, we believe there was ample evidence in the record about his mental health issues which are implicitly raised by his complaints concerning communications with his attorney. And even if there were deficiencies in his motion, this does not exempt the district court from applying standards from well-established Kansas precedent and making findings with respect to good cause. *Taylor* makes clear that district courts have a duty to hold a "meaningful hearing" on every presentence motion to withdraw a plea. See *Taylor*, 266 Kan. at 977. In our view, this includes the necessity for the district court to consider, at a minimum, the *Edgar* factors and make findings as to how they may, or may not, apply to the motion.

10

District courts are frequently confronted with situations where it is easy to become exasperated with parties or their counsel. It is plain from the transcript of the motion hearing that the district court was highly irritated by Coleman's decision not to attend. The district court chided Coleman for what it considered inconvenience to the court and both counsel. Our review of the entire record shows that this impatience was most uncharacteristic of the district court, who was customarily quite careful and patient with Coleman, particularly at the plea hearing. But the real danger occurs when a court's irritation leads it astray from its duties under the law, potentially jeopardizing a defendant's due process rights. Here, even though Coleman chose not to attend the motion hearing, our caselaw makes it plain the district court was free to proceed in his absence and consider any arguments or evidence his counsel may have wished to bring before the court. See *State v. Cromwell*, 253 Kan. 495, 507, 856 P.2d 1299 (1993).

Instead, the defense attorney was never permitted to even address the district court on the issues of the motion, or request a continuance to obtain evidence in place of his client's testimony. And our review of Coleman's psychiatric history summarized in the Senate Bill 123 evaluation leads us to believe there were certainly some red flags about his mental illness issues that his attorney should have been permitted to address. Although mental impairment was not specifically mentioned by Coleman in the motion to withdraw his plea, we believe it is implicit in his claim that he had communication issues with his attorney. And these concerns fall squarely under *Edgar* factor three: whether the plea was fairly and understandingly made. Certainly the plethora of psychiatric issues described by the Senate Bill 123 evaluation could have impacted Coleman's ability to understand the plea and any defenses he might have had to the charges against him.

In short, Coleman's counsel was denied the right to make even a basic record on his client's behalf before the district court ruled. Under these circumstances, we find the district court abused its discretion by denying Coleman's motion to withdraw his pleas based solely on Coleman's absence from the hearing, when his attorney was present.

Reversed and remanded for a new hearing on Coleman's motion to withdraw his pleas.