NOT DESIGNATED FOR PUBLICATION

No. 125,888

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

OURAY MARCEAUX GRAY,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Submitted without oral argument. Opinion filed March 22, 2024. Affirmed.

*James M. Latta*, of Kansas Appellate Defender Office, for appellant.

*Ryan J. Ott*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellee.

Before SCHROEDER, P.J., ISHERWOOD and PICKERING, JJ.

PER CURIAM: Ouray Marceaux Gray entered a global plea agreement to resolve multiple cases. Gray now timely appeals the denial of his presentence motion to withdraw guilty plea. Gray primarily argues his plea counsel failed to advise him the weight of the methamphetamine, as determined by the Kansas Bureau of Investigations (KBI) lab, could change and lower the severity level of one of the crimes to which he was entering a plea. Finding no error by the district court, we affirm.

1

The facts underlying Gray's convictions and sentences for possession with intent to distribute methamphetamine and possession with intent to distribute marijuana are well known to the parties and were fully set forth by a prior panel of this court in *State v. Gray*, No. 123,730, 2022 WL 879744, at *1 (Kan. App. 2022) (unpublished opinion), *rev. denied* 317 Kan. 760 (2022). Relevant to this appeal, Gray pled guilty to one count of possession with intent to distribute marijuana and one count of possession with intent to distribute methamphetamine, both severity level 3 drug felonies. The factual basis for Gray's plea to possession with intent to distribute methamphetamine was set forth in the State's complaint, which alleged Gray possessed three bags containing a total of approximately 2 grams of methamphetamine.

Prior to sentencing, a KBI lab report was sent to the parties, reflecting the total amount of methamphetamine in two of the three bags was .42 grams. The KBI did not test the third bag but concluded the total amount in all three bags was less than 1 gram. Based on this report, Gray filed a presentence motion to withdraw guilty plea, arguing he felt forced to take the plea and the KBI report undermined the factual basis for his plea. The district court did not appoint new counsel for Gray and denied his motion following his plea counsel's arguments at sentencing. Gray was sentenced on both counts to a total term of imprisonment of 108 months.

In Gray's first appeal, another panel of this court remanded the case to the district court with instructions to appoint Gray conflict-free counsel and conduct a new hearing on his presentence motion to withdraw guilty plea if requested. 2022 WL 879744, at *7. The district court appointed new counsel, who filed a supplemental motion to withdraw plea, incorporating Gray's previous arguments and asserting Gray's plea counsel provided ineffective representation by failing to discuss the effect the lab results could have on the severity of the charges.

At the hearing for Gray's motion, both Gray and his original plea counsel testified. Gray's new counsel clarified he was seeking to withdraw both of Gray's pleas, and the State stipulated that the amount of methamphetamine was less than 1 gram.

Plea counsel testified he had represented Gray in eight different cases and admitted he did not advise Gray in this case the KBI lab reports might show a lesser amount of methamphetamine than alleged in the charging documents. However, he had advised Gray in previous cases how the weight could affect the severity level of the offenses. Plea counsel also did not think the weight would become an issue in this case because the affidavit said it would be over 2 grams. Plea counsel received the KBI lab report approximately 70 days after Gray entered his pleas and advised Gray he may be able to withdraw his pleas based on insufficient evidence. But plea counsel testified he still would recommend the plea agreement because it was more advantageous than Gray withdrawing his pleas, given the benefit of the global plea agreement to resolve so many other cases.

Gray testified plea counsel never discussed waiting for the lab reports before entering his pleas. Gray further testified there was an unwritten condition of the plea agreement that he successfully act as a confidential informant (CI), in exchange for which the State would recommend probation. However, Gray did not become a CI because he was later arrested on new drug charges. Gray said Detective Joel Hamlin was his contact as a CI, and Hamlin made threats toward Gray and his family if Gray did not agree to a plea and act as a CI. Hamlin testified he never made any such threats.

The district court denied Gray's motion to withdraw guilty plea. It credited Hamlin's testimony and found Gray was not coerced into entering his pleas. The district court further noted the plea agreement was highly advantageous, resulting in the dismissal of three charges in this case, the State declining to refile charges in another case, and the dismissal of four probation violations. It found Gray was aware of what was

3

happening, took into account the totality of the circumstances before entering his pleas, and understood the effect the weight of the drugs had on the severity of the charges. In particular, the district court noted plea counsel testified he explained the effect of the weight of the drugs in a case that was dismissed six months before Gray entered his pleas in this case. The district court further noted the charging documents for the two drug possession offenses charged in this case reflected the severity level depended on the weight, and Gray was aware of this fact because he had been charged with a severity level 2 drug felony in a prior case based on a different weight. The district court found there was no good cause to allow Gray to withdraw his pleas before sentencing. Additional facts are set forth as necessary.

ANALYSIS

*Standard of Review and Applicable Legal Principles*

Generally, we review a district court's decision to deny a presentencing motion to withdraw a plea for an abuse of discretion. "A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact." *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). "The movant bears the burden to prove the district court erred in denying the motion." *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021). In reviewing the district court's good cause determination, we do not reweigh evidence or make credibility determinations. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

"A plea of guilty or *nolo contendere*, for good cause shown and within the discretion of the court, may be withdrawn at any time before sentence is adjudged." K.S.A. 22-3210(d)(1). When determining whether a defendant has demonstrated good cause to withdraw a plea, a district court generally looks to the following three factors from *State v. Edgar*, 281 Kan. 30, 36, 127 P.3d 986 (2006): (1) whether the defendant

4

was represented by competent counsel; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *Frazier*, 311 Kan. at 381. These factors should not "be applied mechanically and to the exclusion of other factors." *State v. Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Rather, they establish "'viable benchmarks'" for the district court when exercising its discretion, but the "court should not ignore other factors that might exist in a particular case." *State v. Schaefer*, 305 Kan. 581, 588, 385 P.3d 918 (2016); see *Frazier*, 311 Kan. at 381.

In showing good cause to withdraw a plea before sentencing, the defendant is not required to show his counsel was unconstitutionally ineffective; rather, the defendant may rely on "'lackluster advocacy'" to support good cause under the first *Edgar* factor. *State v. Herring*, 312 Kan. 192, 198, 474 P.3d 285 (2020). "[N]o caselaw supplies an exact meaning of lackluster advocacy." 312 Kan. at 201. However, "the dictionary definition of '"lackluster"' means '"lacking energy or vitality; boring, unimaginative, etc."'" 312 Kan. at 201.

*Discussion*

The district court soundly concluded Gray failed to show good cause to withdraw his pleas. Gray primarily complains his plea counsel erred in failing to advise him the KBI lab reports might show a lesser amount of methamphetamine than alleged in the State's complaint. He asserts he should be allowed to withdraw his pleas to both possession of methamphetamine with intent to distribute and possession of marijuana with intent to distribute. Yet, he points to nothing reflecting there was an error in the factual basis underlying the possession of marijuana with intent to distribute charge or how plea counsel improperly advised him in relation to the same. To the extent he intends to argue he should be allowed to withdraw his plea on that charge, we find the point

waived or abandoned due to insufficient briefing. See *State v. Gallegos*, 313 Kan. 262, 277, 485 P.3d 622 (2021).

Turning to his plea to possession of methamphetamine, Gray is effectively asking us to pigeonhole the various *Edgar* and non-*Edgar* factors without considering the totality of the circumstances surrounding his pleas. While plea counsel did not specifically advise Gray the lab reports might show the actual amount of methamphetamine was less than alleged in the charging documents, plea counsel had represented Gray in several other drug-related cases and had previously advised him of that possibility in those cases. Further, Gray's decision to move quickly and enter a plea was motivated by his desire to get out of jail to help with his ailing grandfather pending sentencing. Gray knew at the time of his pleas the lab analysis had not been completed. In other words, Gray's overarching desire to quickly resolve the matter impacted the timing of his pleas. Moreover, plea counsel had no particular reason to suspect the lab analysis would reflect an amount of methamphetamine lowering the severity level of the crime because the 2 grams alleged in the charging document were well in excess of the threshold for a drug severity level 3 felony. See K.S.A. 21-5705(d)(3)(B) (possession of methamphetamine between 1 gram and 3.5 grams is severity level 3 drug felony).

In working on Gray's plea agreement, plea counsel obtained the dismissal of other charges in this case, the State's agreement not to refile charges in another case, and the State's dismissal of four probation violations in other cases. These various charges and probation violations could have resulted in Gray serving a significant amount of additional prison time—up to 23 months for the three charges dismissed in this case, 111 months for the charges not refiled in a separate case, and 32 months for the pending probation violations. Additionally, Gray was released after entering his pleas pending sentencing—a condition he bargained for with his plea agreement.

While plea counsel could have specifically advised Gray of the potential pitfalls of entering into a plea agreement before the lab results were available, plea counsel's representation did not amount to lackluster advocacy. The district court explicitly credited plea counsel's testimony he advised Gray in previous cases the weight of the drugs could change the severity level of the offense and found Gray was aware of this fact. This is not Gray's first rodeo with the court system. Gray is now asking us to reweigh the evidence or make our own factual findings regarding his knowledge of the relevant facts and circumstances—something we cannot do. See *Bilbrey*, 317 Kan. at 63. Gray also makes an incidental and conclusory argument he was coerced by Hamlin into entering a plea. The district court rejected Gray's testimony on this point, and we cannot disturb the district court's credibility determinations. See 317 Kan. at 63.

Finally, the State correctly points out Gray's argument is largely speculative as it assumes the same plea deal, or a better one, would have been offered had the original possession of methamphetamine with the intent to distribute count been charged as only possession of methamphetamine, a lesser severe crime. Here, the plea agreement resolved numerous other charges and cases involving a potential for significantly more prison time; thus, Gray received what he bargained for even though he does not like it now. As the prior panel pointed out, the plea-bargaining process involves several considerations by both parties to secure an overall benefit. *Gray*, 2022 WL 879744, at *5-6. Gray has not met his burden to show the district court abused its discretion in finding no good cause to support withdrawal of his bargained-for pleas. The district court did not err in denying his motion to withdraw guilty plea.

Affirmed.