NOT DESIGNATED FOR PUBLICATION

Nos. 126,384
126,607

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

DEJUAN LEE DARNELL,
*Appellant*.


MEMORANDUM OPINION


Appeal from Shawnee District Court; BRETT A. WATSON, judge. Submitted without oral argument. Opinion filed July 19, 2024. Affirmed.


*James M. Latta*, of Kansas Appellate Defender Office, for appellant.


*Jodi Litfin*, deputy district attorney, *Michael F. Kagay*, district attorney, and *Kris W. Kobach*, attorney general, for appellee.


Before ARNOLD-BURGER, C.J., BRUNS and SCHROEDER, JJ.


PER CURIAM:  In this consolidated appeal, Dejuan Lee Darnell challenges the district court's summary denial of his postsentence motion to withdraw plea. After reaching a plea agreement with the State, Darnell pled guilty to two counts of aggravated indecent liberties with a child under the age of 14 and one count of aggravated sexual battery. The district court sentenced him to serve 184 months in prison. Afterward, Darnell filed a pro se motion to withdraw plea which is the subject of this appeal. Based

1

on our review of the record, we find that the district court did not err in summarily denying the postesentence motion. Thus, we affirm the district court's decision.

FACTS

In February 2019, a grand jury indicted Darnell on one count of rape of a child under 14 years old, one count of aggravated indecent liberties with a child under 14 years old, and one count of attempted aggravated criminal sodomy of a child under 14 years old—all off-grid person felonies. In January 2022, a superseding indictment added one count of aggravated criminal sodomy.

In March 2023, Darnell reached a plea agreement with the State. Under the terms of the agreement, Darnell agreed to plead to two counts of aggravated indecent liberties with a child and one count of aggravated sexual battery. The parties agreed to recommend that the district court impose the standard presumptive sentences for these counts under the Kansas Sentencing Guidelines Act. Moreover, the parties agreed to recommend that the sentences be served consecutively.

At the plea hearing, the State recited the terms of the plea agreement, and Darnell confirmed that the State's recitation adhered to his understanding of the agreement. The district court informed Darnell of the sentencing ranges associated with the counts and reviewed the rights that he would be waiving if his plea was accepted. After this colloquy, the district court determined that Darnell was competent to waive his rights and enter his plea knowingly, voluntarily, and intelligently. At that point, Darnell pled guilty to the three counts as agreed and the district court dismissed the remaining count.

At sentencing, the State recommended that the district court impose the standard sentencing grid number for each conviction to run consecutive as agreed in the plea agreement. Darnell objected to his criminal history score and the district court sustained

2

his objection. As a result, the district court found Darnell's criminal history score to be C and that the "double rule" under K.S.A. 21-6819(b)(4) was applicable in this case. Consequently, the district court sentenced Darnell to a total prison term of 184 months to be followed by lifetime postrelease supervision. After filing a notice of appeal, Darnell filed a pro se postsentence motion to withdraw his plea.

On June 28, 2023, the district court issued a comprehensive 15-page memorandum decision and order in which it summarily denied Darnell's postsentence motion. It determined that Darnell had failed to allege facts in his motion that—if proven to be true—would establish the manifest injustice necessary to justify a postsentence withdrawal of his plea.

Thereafter, Darnell timely filed a notice of appeal.

ANALYSIS

On appeal, Darnell contends that he asserted sufficient allegations in his postsentence motion to withdraw plea to warrant the appointment of counsel and to be allowed to present evidence at an evidentiary hearing. To avoid summary denial, a plea withdrawal motion must present "substantial question of fact or triable law" establishing manifest injustice. When the record conclusively shows that the defendant is not entitled to relief, the motion must be denied. Moreover, the movant—in this case Darnell—bears the burden to allege facts sufficient to warrant a hearing. *State v. Wilson*, 308 Kan. 516, 520-21, 421 P.3d 742 (2018).

Under K.S.A. 22-3210(d)(2), the district court has the discretion to permit a defendant to withdraw a plea after sentencing only to correct manifest injustice. When determining whether a defendant has established manifest injustice to withdraw a plea, Kansas courts generally look to the factors set forth in *State v. Edgar*, 281 Kan. 30, 36,

3

127 P.3d 986 (2006). These factors are: (1) whether competent counsel represented the defendant; (2) whether the defendant was misled, coerced, mistreated, or unfairly taken advantage of; and (3) whether the plea was fairly and understandingly made. *State v. Hutto*, 313 Kan. 741, 745, 490 P.3d 43 (2021); see also *State v. Frazier*, 311 Kan. 378, 381, 461 P.3d 43 (2020). The *Edgar* factors should not "be applied mechanically and to the exclusion of other factors." *Fritz*, 299 Kan. 153, 154, 321 P.3d 763 (2014). Also inherent in manifest injustice is that the context of the plea agreement was obviously unfair or shocking to the conscience. *Hutto*, 313 Kan. at 745. Darnell claims all three factors apply to him.

In determining whether Darnell had competent counsel, we apply the constitutional test for ineffective assistance of counsel:

> """When a postsentence motion to withdraw a plea alleges ineffective assistance of counsel, the constitutional test for ineffective assistance must be met to establish manifest injustice." That test asks: "(1) whether the attorney's performance fell below an objective standard of reasonableness and (2) whether there is a reasonable probability that, but for the attorney's errors, the result of the proceeding would have been different." There is a "strong presumption" that counsel provided "'adequate assistance'" and "'made all significant decisions in the exercise of reasonable professional judgment.'" Prejudice means "a reasonable probability that, but for the deficient performance, the defendant would have insisted on going to trial instead of entering the plea." A reasonable probability is a "'probability sufficient to undermine confidence in the outcome.'" [Citations omitted.]'" *State v. Shields*, 315 Kan. 131, 141, 504 P.3d 1061 (2022).

Here, Darnell argues that his attorney's performance fell below an objective standard of reasonableness. He bases this allegation on the fact that his attorney was unable to obtain a continuance of the jury trial, that his attorney did not review the evidence with him, that his attorney did not discuss trial strategy with him, and that his attorney was not prepared for trial. Darnell suggests that these allegations are sufficient to

4

establish manifest injustice. Yet based on our review of the record, we conclude that his allegations against his attorney are conclusory and/or based on conjecture.

The record reveals that Darnell's attorney requested a continuance of the trial, but the district court denied this request. In doing so, the district court determined that Darnell's attorney had sufficient time to prepare for trial. The district court added that Darnell's case had been pending for several years and that no further delays were justified.

On appeal, Darnell suggests that his attorney could have been more forceful in requesting a continuance. However, whether the district court granted a continuance is a matter that falls within its sound discretion and based on the district court's explanation of its ruling on the request, it does not appear that the denial was based on how forceful the request was made. Rather, it was based on the district court's determination that Darnell's counsel had time to adequately prepare for trial and the length of time that the case had been pending.

Next, Darnell claims that his attorney did not review the evidence or discuss trial strategy with him. Given the serious nature of the charges, the abundance of evidence supporting guilt, and the lifetime prison sentence that could be imposed, we do not find it to be unreasonable for Darnell's attorney to focus his efforts on trying to obtain the best plea deal possible for his client. Furthermore, Darnell admits that his attorney called and met with him several times to discuss his case.

Darnell also fails to establish a substantial issue of fact or law to establish that his attorney's actions prejudiced him. Instead, he merely asserts the conclusory allegation that if his attorney had done more investigation into his case, he may have been able to come up with evidence to support his innocence. But Darnell does not identify what

evidence his attorney may have found that would have resulted in him not agreeing to the plea deal.

A review of the record reveals that Darnell received the benefit of his bargain and that his attorney negotiated a reasonable plea deal with the State on his behalf. Likewise, we find that Darnell's postsentence claim of innocence contradicts his admission at the plea hearing that the State had sufficient evidence to prove beyond a reasonable doubt he committed the crimes to which he pled. Hence, Darnell has failed to present any substantial issues of law or fact to establish that his attorney provided him with incompetent representation.

Darnell also argues that he was somehow coerced or misled into entering into the plea agreement. He suggests that after consulting with his attorney, he believed that his sentence would be 176 months instead of 184 months in prison. But the record reflects that the district court reviewed the potential sentencing ranges with Darnell before he entered his plea at the plea hearing.

The record also reflects that during Darnell's plea colloquy he informed the district court that he understood the terms of the plea agreement, had adequate time to discuss the agreement with his attorney, and was entering his plea of his own free will. Further, the record reflects that Darnell acknowledged that he was aware the district court was not bound by the sentencing recommendation set out in the plea agreement. Consequently, we find that Darnell's plea was fairly and understandingly made and that he has failed to establish any substantial issues of law or fact as to whether he was misled or coerced into entering his plea.

In summary, we agree with the district court that the record conclusively shows that Darnell is not entitled to relief on his postsentence motion to withdraw plea. Specifically, we conclude that he has failed to present a substantial issue of law or fact

6

relating to manifest injustice. Rather, the record on appeal reflects that Darnell understood the terms of the plea agreement, had sufficient time to review the agreement, was adequately advised of his rights before entering his plea, and was aware the district court was not bound to follow the plea agreement's sentencing recommendation. Accordingly, we affirm the district court's summary denial of Darnell's postsentence motion to withdraw plea.

Affirmed.